[Civ. No. 18232.  Second Dist., Div. One.  Nov. 14, 1950.]

ALVIN L. HOLT et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Arthur Garrett for Petitioners.

Harold W. Kennedy, County Counsel, and John B. Anson, Deputy County Counsel, for Respondents.

Elmer I. Moody and Holcomb & Kempley for Real Party in Interest.

THE COURT.—■ Respondent court herein contends that prohibition will not lie because it has not yet determined that it has jurisdiction to issue the preliminary injunction prayed for.  However, we are satisfied that at this stage of

the proceedings wherein respondent court has issued a temporary restraining order and an order to show cause it thereby determined that it had jurisdiction of the subject matter and exercised that jurisdiction. Prohibition will therefore lie, under the facts here presented, to restrain the lower court from acting further in excess of its jurisdiction (*Rescue Army* v. *Municipal Court*, 28 Cal.2d 460, 465 [171 P.2d 8].)

█ Respondent court's claim that the petition should be filed in the Supreme Court, which has jurisdiction of an appeal in this, an equity case, is answered by the following declaration of that court printed in the State Bar Journal, volume XXV, No. 2, March-April, 1950:

"Transfer of Original Proceedings by State Supreme Court.

"In line with its established policy of transferring appeals, the Supreme Court of California has announced that henceforth it will likewise transfer original proceedings to the District Courts of Appeal, with the following exceptions: (1) proceedings involving review of decisions of the Public Utilities Commission, (2) State Bar proceedings, (3) applications for supersedeas or other proceedings ancillary to a type of case which is normally retained, (4) habeas corpus, (5) coram nobis, (6) proceedings which involve matters of such public importance or urgency as to warrant immediate consideration by the Supreme Court, (a bare allegation of urgency or importance unsupported by surrounding and persuasive facts will not satisfy the requirement of this exception) and (7) applications which involve questions similar to those raised in cases pending before the court.

"It will therefore assist the court and at the same time expedite the consideration and disposition of original proceedings if they are filed in the first instance either in the Superior Court or the District Court of Appeal, both of which courts have concurrent jurisdiction with the Supreme Court in such matters.

"The cooperation of counsel is solicited.

WILLIAM I. SULLIVAN,
Clerk of Supreme Court."

Coming now to a consideration of the merits of the petition, petitioners seek to restrain respondent court from hearing an order to show cause why a preliminary injunction should not issue enjoining said labor unions, petitioners herein, from maintaining a picket line in front of a building being erected

by respondent Norman F. Barber, and from inducing union members to cease work on said construction.

From a reading of the petition it would appear that no contention is made that respondent court does not have jurisdiction to hear the matter, but the contention appears to be that respondent court, upon the hearing, will have no jurisdiction to do otherwise than decide the matter in favor of petitioners.

The facts are that respondent Norman F. Barber is the party whose interest will be directly affected by the present petition for a writ of prohibition. He is the plaintiff in the action now pending in the superior court, and as such obtained the temporary restraining order and order to show cause why a temporary injunction should not be issued. He is a licensed contractor who on October 23, 1950, was constructing a building on Pico Boulevard in the city of Los Angeles on two lots owned by one Gerritson, under a written contract with said Gerritson as owner. Construction of the building in question stopped on October 23, 1950, with a completion date set for December 1, 1950.

On October 23, 1950, all of respondent contractor's employees walked off the job. They were all members of the petitioning Carpenters Union or of local unions affiliated with one or the other of the two petitioning labor union councils. Respondent Barber was concededly paying his employees the wage scales and observing the hours of employment required by petitioninag labor organizations.

The walkout of respondent Barber's employees came about as follows: The aforesaid Gerritson also owned the adjoining property to that on which respondent Barber was building, and on the adjoining property Gerritson conducted a non-union barber shop which was being picketed by petitioner Barbers Union Local No. 295, on account of Gerritson's alleged failure to pay union wages, observe union working conditions, and hire union help in his barber shop. These union pickets walked not only in front of Gerritson's property where he was conducting the barber shop, but also in front of the adjoining property where respondent was building for Gerritson, and respondent Barber's employees apparently refused to go through such picket line and ceased work. This because the unions of which they were members had decided to support the barbers in their strike against Gerritson.

The temporary restraining order and the preliminary injunction sought after hearing on the order to show cause

prevent, and will prevent, petitioners from picketing in front of Gerritson's property where construction is going on, and prevent all of the petitioners from encouraging in any way any of respondent Barber's employees to refrain from working for such respondent on the building being erected for Gerritson.

In view of the foregoing factual situation, we are persuaded that while the barbers union has a right to advertise to the public that the barber shop operated by Gerritson is unfair to organized labor, and to use a picket line to acquaint the public therewith, nevertheless it is at once apparent that as between respondent Barber the contractor, and the unions, there is no labor dispute, and, therefore, as to him, not a party to the controversy, we are persuaded that the courts are possessed of the power to enjoin the Barbers Union from setting up a picket line which, aside from coercing respondent Barber into urging the owner of the barber shop to comply with the union's demands, amounts simply to an attempt to force respondent building contractor, who is a neutral and has no relation to either the barber shop or its employees, to join in the controversy by espousing the cause of the unions. That the extension of the picket lines beyond the frontal boundaries of the barber shop and in front of the building being constructed by respondent contractor was not for the purpose of disseminating information that the barber shop was unfair to organized labor is patent. The courts have a right to restrain the disputants in a particular industry from coercing or conscripting neutrals having no relation to either the dispute or the industry in which it arose, from becoming advocates or participants therein. (*Carpenters & Joiners Union* v. *Ritter's Cafe,* 315 U.S. 722 [62 S.Ct. 807, 86 L.Ed. 1143] ; *In re Blaney,* 30 Cal.2d 643, 649 [184 P.2d 892] ; *Hughes* v. *Superior Court,* 32 Cal.2d 850, 854 [198 P.2d 885] ; *Hughes* v. *Superior Court of California,* 339 U.S. 460 [70 S.Ct. 718, 94 L.Ed. 985].)

For the foregoing reasons, the petition for a writ of prohibition is denied.

Petitioners' application for a hearing by the Supreme Court was denied January 11, 1951. Gibson, C. J., Carter, J., and Traynor, J., voted for a hearing.