[Civ. No. 22934. Second Dist., Div. Two. Apr. 3, 1958.]

JOHN CALISE, as Secretary-Business Agent, etc., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FRANCO-ITALIAN PACKING COMPANY (a Corporation), Real Party in Interest.

Gilbert, Nissen & Irvin for Petitioners.

No appearance for Respondent.

Leonard Di Miceli for Real Party in Interest.

KINCAID, J. pro tem.*—The petitioners are two labor unions and through their officers are seeking a writ of prohibition to restrain the respondent court from hearing an order to show cause why a preliminary injunction should not issue enjoining petitioners from causing or inducing the cannery-worker employees of the real party in interest to refuse to unload and process certain deliveries of fish, from boycotting or picketing the plant and business of the real party in interest, and from doing various other acts as detailed in said order to show cause. The petition likewise seeks to restrain the respondent court from enforcing a temporary

*Assigned by Chairman of Judicial Council.

restraining order issued by it, and from taking any further proceedings in the action instituted by the real party in interest against petitioners and other parties.

An answer to the petition has been filed by the real party in interest, Franco-Italian Packing Company, a corporation, hereinafter referred to as "Packing Company."

The Packing Company in October 1957 filed a complaint against petitioners herein as defendants in the superior court seeking a temporary restraining order, preliminary and permanent injunctions and damages. A copy of this complaint is attached to and made a part of the petition as Exhibit A thereof.

It was stipulated that at all times in question the Packing Company was and is operating a business engaged in interstate commerce.

Since the filing of the above-described complaint the respondent court has issued a temporary restraining order enjoining and restraining the defendants in the action and petitioners herein from engaging in picketing, boycotting and other concerted activities. The respondent court further made and issued an order to show cause directed toward defendants and petitioners to show cause why a preliminary injunction should not be issued restraining and enjoining said parties from doing any of the acts complained of in the complaint.

The facts in this proceeding as reflected by the complaint are substantially as follows:

1. Packing Company is engaged in the business of packing, canning and processing fish and fish products at its plant on Terminal Island in the Los Angeles Harbor area, and of selling said fish and fish products throughout the United States.

2. All of the cannery workers employed by Packing Company are members of the defendant "Cannery Workers Union of the Pacific, AFL-CIO" (hereinafter for convenience called "Cannery Workers Union"); that said union represents itself to be the collective bargaining representative of Packing Company's cannery-worker employees, and has been recognized and accepted as such by Packing Company.

3. Defendant "Seine & Line Fishermen's Union of San Pedro, AFL-CIO" (hereinafter for convenience called "AFL-CIO Fishermen's Union") and defendant "Fishermen's Union Local 33 ILWU" (hereinafter for convenience called "ILWU Fishermen's Union") are unions which represent

themselves to be collective bargaining representatives of certain groups of employees (fishermen-crewmen) on commercial fishing boats.

4. That on or about September 24, 1957, the owner of a commercial fishing boat known as the "Sandy Boy" entered into an agreement with the ILWU Fishermen's Union as the supposed collective bargaining representative of the employees of said vessel to pay certain agreed sums per ton to said employees for their catches of fish.

That also on or about said September 24, 1957, Packing Company, believing in good faith that the vessel "Sandy Boy" was in good standing and manned by crew members under the jurisdiction of the ILWU Fishermen's Union, entered into an agreement with the owner of the "Sandy Boy" to buy said vessel's catches of fish at certain agreed prices; and that, in conjunction therewith, Packing Company executed a master bargaining agreement with said ILWU Fishermen's Union whereby Packing Company in substance met all the demands, terms and conditions then being demanded by commercial fish boat owners and by the crew members of said boats through their respective bargaining agents.

5. That a jurisdictional dispute, in alleged violation of section 1115 et seq., of the Labor Code of the State of California, has arisen and exists between said AFL-CIO Fishermen's Union and said ILWU Fishermen's Union, over which of said unions is the collective bargaining representative of the fishermen-crewmen employees of the "Sandy Boy" and other commercial fishing vessels.

6. That after Packing Company had entered into the aforementioned agreements with the owner of the "Sandy Boy" and with the ILWU Fishermen's Union, the AFL-CIO Fishermen's Union notified Packing Company that said vessel and its owner had been classified as unfair; that Packing Company would be prevented from accepting deliveries of fish from said vessel; that said vessel would be picketed upon arrival at Packing Company's docks by the members of said AFL-CIO Fishermen's Union; and that the latter had notified the Cannery Workers Union that said vessel was unfair, and that the members of said last-named union who were employees of Packing Company should not unload or process and pack fish sought to be delivered from said vessel to Packing Company.

That almost concurrently therewith, the Cannery Workers

Union also notified Packing Company that the employees of Packing Company who were members of said Cannery Workers Union, would not unload or process and pack fish sought to be delivered by the "Sandy Boy" to Packing Company.

That, on the other hand, Packing Company was notified and threatened by the ILWU Fishermen's Union that, unless Packing Company took deliveries from the "Sandy Boy," said ILWU Fishermen's Union would picket and boycott Packing Company's business and would picket any and all other commercial fishing vessels, union or nonunion, seeking to deliver fish to Packing Company.

7. That, in addition to the foregoing, it is in substance alleged in the complaint that the defendants have engaged in, or threatened to engage in, conduct, as follows:

(a) *As to the Cannery Workers Union*:

That the Cannery Workers Union has threatened and continues to threaten that it will cause all cannery workers of Packing Company to walk out of Packing Company's plant, to call a work stoppage and to boycott Packing Company in its dealings with nonunion vessels, if Packing Company abides by its agreements with the owner of the "Sandy Boy" and with the ILWU Fishermen's Union. That, on one specific occasion when the "Sandy Boy" sought to deliver its catch of fish, Packing Company's cannery-worker employees because of fear, coercion and intimidation brought against them by said Cannery Workers Union refused to unload fish from the "Sandy Boy" and threatened that, if Packing Company should unload said fish, they would walk out of the plant; and that, as a consequence, Packing Company was unable to take delivery to its irreparable injury and damage. That also upon each occasion when the ILWU Fishermen's Union as hereinafter noted has established a picket line at Packing Company's plant to prevent Packing Company from taking delivery of fish from nonunion small scoop fishing vessels, Cannery Workers Union has refused and threatens to continue to refuse to unload or work any fish delivered from said nonunion fishing boats; and that, as a consequence, Packing Company has been unable to take deliveries from said nonunion vessels to its irreparable injury and damage.

(b) *As to the AFL-CIO Fishermen's Union*:

That the AFL-CIO Fishermen's Union has threatened and continues to threaten Packing Company that its members will continue to maintain picket lines at Packing Company's plant in positions to interrupt effectively the delivery of fish to

Packing Company and the processing and shipment thereof. There are no direct, specific allegations as to the conduct of said union in maintaining picket lines or otherwise; but the allegations of the complaint may be fairly construed as alleging that the AFL-CIO Fishermen's Union has maintained a picket line at Packing Company's plant, and that it has endeavored to cause or induce Packing Company's cannery workers not to unload or process fish from the "Sandy Boy."

(c) *As to the ILWU Fishermen's Union*:

That said ILWU Fishermen's Union has from time to time established, and threatens to continue to establish, a picket line along and in front of Packing Company's wharf in order to prevent Packing Company from taking deliveries of fish from nonunion small scoop fishing boats; that, by such action, said nonunion fishing boats have been coerced and intimidated into proceeding to wharfs of other canners; and that said union threatens to continue such picketing and to boycott Packing Company in its dealings with vessels whose crews are not members of the ILWU Fishermen's Union, until and unless Packing Company accepts deliveries of fish from the "Sandy Boy."

In addition, the complaint negatively alleges that there is no labor dispute, disagreement or controversy between Packing Company and said Cannery Workers Union (or the members thereof, who are Packing Company's employees) concerning the negotiation, fixing, maintaining, changing or the seeking of arranging terms or conditions of employment, or concerning wages or hours of employment; and that likewise there is no labor dispute, disagreement or controversy concerning such matters as between Packing Company and the AFL-CIO Fishermen's Union, nor as between Packing Company and the ILWU Fishermen's Union. Further the complaint alleges that Packing Company is not a party to any of the labor disputes which do exist, namely: (a) the aforementioned jurisdictional dispute between the AFL-CIO Fishermen's Union and the ILWU Fishermen's Union; (b) a labor dispute between the officers of the AFL-CIO Fishermen's Union and certain dissident members thereof; and (c) a labor dispute between the AFL-CIO Fishermen's Union and the owners of commercial fishing vessels. The complaint also contains allegations to the effect that all of the defendants have unlawfully conspired to interrupt and cripple the business activities of Packing Company; and allegations to the effect that

the defendants are engaged in activities violative of the provisions of sections 1131-1134 of the Labor Code prohibiting secondary boycotts and refusal to handle so-called hot cargo.

The prayer for injunctive relief is likewise detailed but the substance thereof is that the defendants be enjoined and restrained from engaging in any individual or concerted activity, and from in any way threatening, intimidating, coercing, harming or harassing the cannery-worker employees of Packing Company, to cause or induce said employees to refuse to unload or process fish from the ''Sandy Boy'' or from non-union scoop fishing boats, or to call or to engage in a walkout, work stoppage or secondary boycott against Packing Company; and from boycotting Packing Company's business or picketing its plant and wharf.

The principal question presented is whether the activities and practices on the part of the said labor unions as to which Packing Company complains are not those forbidden or protected by the National Labor Relations Act, as amended by the Labor Management Relations Act, with exclusive jurisdiction to act in the matter therefore being vested in the National Labor Relations Board. Our conclusion is that this question must be answered in the affirmative.

It is now established that in labor controversies affecting enterprises engaged in interstate commerce, where labor activities or practices are either forbidden or protected by the Labor Management Relations Act (29 U.S.C. § 141 et seq.), there is a conflict between the injunctive relief that may be available under the act and that available under the equity powers of a state court. Excepting where the activities complained of are other than peaceful and orderly, the federal law affords the exclusive remedy, thus depriving the state court of jurisdiction to grant equitable relief by way of injunction. (*G. C. Breidert Co.* v. *Sheet Metal etc. Assn.,* 139 Cal.App.2d 633 [294 P.2d 93]; *Weber* v. *Anheuser-Busch,* 348 U.S. 468 [75 S.Ct. 480, 99 L.Ed. 546]; *Capital Service* v. *National Labor Relations Board,* 347 U.S. 501 [74 S.Ct. 699, 98 L.Ed. 887]; *Garner* v. *Teamsters, C. & H. Union,* 346 U.S. 485 [74 S.Ct. 161, 98 L.Ed. 228]; *Garmon* v. *San Diego Bldg. Trades Council,* 49 Cal.2d 595, 600 [320 P.2d 473]; *Seven Up Bottling Co.* v. *Grocery Drivers Union,* 49 Cal.2d 625, 627 [320 P.2d 892].)

Thus in the Breidert case, *supra,* it was held that a state court has no jurisdiction, notwithstanding the provisions of the California Jurisdictional Strike Act (Lab. Code, §§ 1115-

1120), to grant injunctive relief against picketing, boycotting and other practices of certain labor unions designed to force an employer to recognize said unions as the collective bargaining representatives of the employer's employees instead of another labor organization, where the employer was engaged in interstate commerce, where the activities complained of were peaceful, and where the National Labor Relations Board was clothed with jurisdiction to consider and determine in the first instance any charges of unfair labor practices on the part of said labor unions.

In the Weber case, *supra,* it was held that the provisions of the National Labor Relations Act, as amended, preclude a state court from enjoining, as a violation of a state's restraint of trade statute, a labor union's picketing of an employer's plant for the purpose of compelling the employer to insert into a contemplated collective labor contract a clause obligating the employer to employ, for repair or replacement of machinery, only contractors having collective labor agreements with said union.

In the Garner case, *supra,* it was in substance held that a state court could not enjoin, as a violation of a state labor relations act, a labor union from picketing for the purpose of inducing the employees of a company to join said union; and that the employer could have and should have presented his grievance against said labor union to the National Labor Relations Board, even though it appeared that no controversy, labor dispute or strike was in progress and that the employer had not at any time objected to its employees joining said union.

The alleged activities and practices on the part of the defendant labor unions as to which Packing Company complains are clearly denounced and proscribed as unfair labor practices by the provisions of the National Labor Relations Act as amended.

Section 158 of title 29, U.S.C.A. (§ 8 of the Labor Management Relations Act) provides in part, as follows: "(b) It shall be an unfair labor practice for a labor organization or its agents . . . (4) to engage in, or to induce or encourage the employees of any employer to engage in a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is: (A) forcing or requiring . . . any employer or other person to cease

using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person . . ."

Other portions of the said Labor Management Relations Act have been cited by petitioners as supporting their contention that the acts complained of in the complaint constitute (if true) unfair labor practices under the act, as amended. However, it seems unnecessary to discuss them since the essence of the complaint is that the petitioners are, to paraphrase the above-quoted provisions of said act, inducing or encouraging the employees of Packing Company to engage in a strike or concerted refusal in the course of their employment to handle or work fish, with the object of forcing or requiring the Packing Company to cease dealing and doing business with the owner of the "Sandy Boy" and with the owners of nonunion vessels.

Since the defendant labor organizations, under the terms of the complaint, are engaged in unfair labor practices prohibited by the National Labor Relations Act as amended, it is of no consequence as to whether any labor dispute exists between Packing Company and the defendants or its cannery-worker employees. (*Garner* v. *Teamsters, C. & H. Union, supra*, 346 U.S. 485 [74 S.Ct. 161, 98 L.Ed. 228].)

While it is settled that state courts still have jurisdiction to enjoin violent, nonpeaceful conduct (*G. C. Breidert Co.* v. *Sheet Metal etc. Assn., supra*, 139 Cal.App.2d 633; *United Auto A. & A. I. W.* v. *Wisconsin Emp. Relations Board*, 351 U.S. 266 [76 S.Ct. 794, 100 L.Ed. 1162]), the allegations of the complaint herein fail to show that the actions of petitioners have been other than peaceful and orderly. There are no averments of activities which threaten (in the words of the Breidert case, p. 638) "a probable breach of the State's peace" or call for "extraordinary police measures," such as mass picketing, threats of bodily injury and property damage to employees, obstruction of streets and public roads, blocking of entrance to and egress from a factory, picketing of employees' homes, or recurrent unannounced work stoppages.

Insofar as the conduct of petitioners is involved, the most that can be said for the complaint is that it contains allegations from which it can probably be concluded that the petitioning AFL-CIO Fishermen's Union has engaged in some peaceful picketing of Packing Company's plant and that the cannery workers have refused to unload fish from the "Sandy

Boy,'' ''because of fear, coercion and intimidation brought against them by the Cannery Workers Union.'' There is an absence of any allegations as to how, in what manner, or by what actions said cannery workers were supposedly so coerced and intimidated. Accordingly and since the complaint fails to show that the actions of petitioners have not been peaceful and orderly, assumption of jurisdiction and granting of injunctive relief cannot be justified upon the basis that a state court has jurisdiction to enjoin violent, nonpeaceful conduct.

Finally prohibition will lie to restrain a lower court from acting further in excess of its jurisdiction where that court has determined it has jurisdiction and has proceeded to exercise it by issuing a temporary restraining order and an order to show cause. (*Holt* v. *Superior Court*, 100 Cal.App. 2d 403, 404 [223 P.2d 881] ; *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460, 464, 465 [171 P.2d 8].) The respondent court has assumed jurisdiction, has issued a temporary restraining order enjoining the defendants in the action and the petitioners herein from engaging in the labor activities stated, and an order to show cause as to why a preliminary injunction should not issue as to them.

In the light of these acts and for the reasons heretofore stated a peremptory writ of prohibition is ordered issued herein.

Ashburn, Acting P. J., and Herndon, J., concurred.