## SAN DIEGO BUILDING TRADES COUNCIL ET AL. v. GARMON ET AL.

No. 50. Argued January 16, 1957.—Decided March 25, 1957.

*Charles P. Scully* argued the cause for petitioners. With him on the brief were *Walter Wencke, Mathew O. Tobriner* and *John C. Stevenson.*

*James W. Archer* argued the cause for respondents. With him on the brief was *J. Sterling Hutcheson.*

*Solicitor General Rankin, Theophil C. Kammholz, Stephen Leonard* and *Dominick L. Manoli* filed a brief for the National Labor Relations Board, as *amicus curiae,* urging affirmance.

*Herbert B. Cohen,* Attorney General, and *Oscar Bortner,* Assistant Attorney General, filed a brief for the Commonwealth of Pennsylvania, as *amicus curiae.*

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

Respondents are a partnership, operating two retail lumber yards in San Diego County, California. In the year before this proceeding began they purchased more than $250,000 worth of material from outside of California for resale at retail. Petitioner unions asked them to sign a contract including a union shop provision. Respondents refused on the ground that it would be a violation of the National Labor Relations Act to sign such a contract before a majority of their employees had selected a union as their collective bargaining agent. The unions commenced peaceful picketing to enforce their demand. About a week later respondents filed suit in the Superior Court for an injunction and damages, alleging that they were in interstate commerce and that the contract sought by the unions would violate the Act.[1] On the same day respondents filed with the National Labor Relations Board's regional office a petition asking that the question of the representation of their employees be resolved. The Regional Director dismissed the petition. The unions nevertheless pressed their claim that the

[1] Section 8 (a) (3) allows an employer to enter into a union security agreement of the type petitioners here were seeking only if the union is the bargaining representative of his employees. 61 Stat. 140, 29 U. S. C. § 158 (a) (3).

National Board had exclusive jurisdiction.[2] After a hearing the Superior Court entered an order enjoining the unions from picketing or exerting secondary pressure in support of their demand for a union shop agreement unless and until one or another of the unions had been designated as the collective bargaining representative of respondents' employees. It also awarded respondents $1,000 damages. The California Supreme Court affirmed.[3] We granted certiorari. 351 U. S. 923. Recognizing that respondents' business affected interstate commerce, it concluded that the Board's declination, in pursuance of its announced jurisdictional policy, to handle respondents' representation petition left the state courts free to act.[4] On the merits the court said:

"The assertion of economic pressure to compel an employer to sign the type of agreement here involved is an unfair labor practice under section 8 (b)(2) of the [National Labor Relations] act. . . . Concerted labor activities for such a purpose thus were unlawful under the federal statute, and for that reason were not privileged under the California law." [5]

What we have said in *Guss* v. *Utah Labor Relations Board, ante,* p. 1, and *Amalgamated Meat Cutters* v. *Fairlawn Meats, Inc., ante,* p. 20, is applicable here, and those cases control this one in its major aspects.

---

[2] They also maintained that by not appealing the regional director's decision respondents had failed to exhaust their remedies under the National Act. On our view of the case, we need not consider this contention.

[3] 45 Cal. 2d 657, 291 P. 2d 1.

[4] Petitioners' interstate purchases fall below the standards for retail stores. See *Amalgamated Meat Cutters* v. *Fairlawn Meats, Inc., ante,* p. 23, n. 4. The Board draws no distinction in the application of its jurisdictional standards between representation and unfair labor practice cases. *C. A. Braukman,* 94 N. L. R. B. 1609, 1611.

[5] 45 Cal. 2d, at 666, 291 P. 2d, at 7.

Respondents, however, argue that the award of damages must be sustained under *United Construction Workers* v. *Laburnum Construction Corp.*, 347 U. S. 656. We do not reach this question. The California Supreme Court leaves us in doubt, but its opinion indicates that it felt bound to "apply" or in some sense follow federal law in this case. There is, of course, no such compulsion. *Laburnum* sustained an award of damages under state tort law for violent conduct. We cannot know that the California court would have interpreted its own state law to allow an award of damages in this different situation. We therefore vacate the judgment and remand the case to the Supreme Court of California for proceedings not inconsistent with this opinion and the opinions in *Guss* v. *Utah Labor Relations Board, supra,* and *Amalgamated Meat Cutters* v. *Fairlawn Meats, Inc., supra.*

*Vacated and remanded.*

MR. JUSTICE WHITTAKER took no part in the consideration or decision of this case.

[For dissenting opinion of MR. JUSTICE BURTON, joined by MR. JUSTICE CLARK, see *ante,* p. 12.]