[L. A. No. 23627.   In Bank.   Jan. 16, 1958.]

SEVEN UP BOTTLING COMPANY OF LOS ANGELES, INCORPORATED (a Corporation), Respondent, v. GROCERY DRIVERS UNION LOCAL 848, etc., et al., Appellants.

John C. Stevenson, Clarence E. Todd and Charles K. Hackler for Appellants.

Thomas P. Menzies, Harold L. Watt, Hill, Farrer & Burrill and Carl M. Gould for Respondent.

SHENK, J.—This is an appeal by the defendants from a judgment enjoining them from picketing and other interference with the plaintiff's business in violation of the Jurisdictional Strike Act (Lab. Code, §§ 1115-1120), and awarding plaintiff $4,000 in damages for tortious conduct on the part of the defendants.

The plaintiff is a California corporation engaged in the production, bottling, and distribution of beverages. In March 1949 it entered into a collective bargaining agreement concerning the wages, hours, and working conditions of its non-supervisory employees with the Seven Up Employees' Association. Beginning in June 1949 the defendants engaged in activities designed to compel the plaintiff to recognize the defendants as the exclusive bargaining representatives of the plaintiff's employees. To enforce their demand for recognition, the defendants began peaceful picketing of retail stores which sold the plaintiff's products. Picket signs announced that the plaintiff's products were made by workers who were not members of the defendant union, and that the plaintiff was on the defendants' "We Do Not Patronize List." Truck drivers of suppliers refused to cross the picket lines to make deliveries, thus compelling some retail stores to cease handling the plaintiff's products. As a result of this activity on the part of the defendants there was a falling off in the plaintiff's business on account of which damages were sought and awarded.

Section 1118 of the Labor Code defines a jurisdictional strike as a "concerted interference with an employer's operation or business, arising out of a controversy between two or more labor organizations as to which of them has or should have the exclusive right to bargain collectively with an employer . . . [or] as to which of them has or should have the exclusive right to have its members perform work for an employer." Section 1115 declares that a "jurisdictional strike as herein defined is hereby declared to be against the public policy of the State of California and is hereby declared to be unlawful." Section 1116 provides that any person injured by the violation of the foregoing and other sections "shall be entitled to injunctive relief therefrom in a proper case, and to recover any damages resulting therefrom in any court of competent jurisdiction."

On an earlier appeal in this case the judgment for the defendants was reversed. It was there contended by the defendants that the Jurisdictional Strike Act was unconstitutional in that it constituted an invasion of the right of freedom of speech. It was held by this court that in its application to the facts alleged the act was constitutional. (*Seven Up etc. Co.* v. *Grocery etc. Union,* 40 Cal.2d 368 [254 P.2d 544, 33 A.L.R.2d 327].) It was held further that the Labor Management Relations Act of 1947 (29 U.S.C.A., § 141 et seq.) had no application as "There is no allegation showing that plaintiff was engaged in a business affecting interstate commerce. . . ."

Following the reversal, the defendants sought to amend their answer to allege that the plaintiff was engaged in interstate commerce and that exclusive jurisdiction over the conduct alleged was in the National Labor Relations Board. Leave to amend was denied on the ground that even though the plaintiff's business affected interstate commerce the state court could exercise concurrent jurisdiction with the National Board.

In *Garmon* v. *San Diego Building Trades Council, ante,* p. 595 [320 P.2d 473], this day decided, it was held that in labor disputes which involve business enterprises engaged in interstate commerce the power to grant equitable relief by way of injunction is beyond the jurisdiction of state courts. (See also *San Diego Building Trades Council* v. *Garmon,* 353 U.S. 26 [77 S.Ct. 607, 1 L.Ed.2d 618]; *Amalgamated Meat Cutters* v. *Fairlawn Meats, Inc.,* 353 U.S. 20 [77 S.Ct. 604, 1 L.Ed.2d 613]; *Guss* v. *Utah Labor Relations Board,* 353 U.S. 1 [77 S.Ct. 598, 1 L.Ed.2d 601].)

It was further held by this court in the Garmon case that labor union activities in violation of the declared policy of this state are unlawful; that they constitute tortious conduct, and that jurisdiction to render a judgment for damages resulting therefrom, although involving business enterprises engaging in interstate commerce, is vested in the courts of this state.

We are satisfied that the trial court was in error in holding that the state court had concurrent jurisdiction with the National Board in entertaining the controversy. If that question was at all of uncertain solution at the time the present action was commenced it was made certain by the recent decisions of the Supreme Court in the Garmon, the Amalgamated Meat Cutters and the Guss cases (March 25, 1957), above cited. It was held in those cases that in labor controversies affecting enterprises engaged in interstate commerce there is a conflict in injunctive relief which may be available under the National Act and that, available under the equity powers of the state court, and that in such a situation the federal law affords the exclusive remedy, thus depriving the state court of jurisdiction to issue injunctions.

The question of the power of the trial court to grant the injunctive relief awarded in this case is of vital importance. It goes to the jurisdiction of the court to proceed on that phase of the litigation. Apparently the status of the plaintiff's business, that is, whether it was engaged in interstate commerce and thus subject to the jurisdiction of the National Labor Relations Board pursuant to the Labor Management Relations Act (29 U.S.C.A. § 141 et seq.), was not deemed of significance before the decision of this court establishing the constitutionality of the Jurisdictional Strike Act. (*Seven Up etc. Co.* v. *Grocery etc. Union, supra,* 40 Cal.2d 368, 372.) The Labor Management Relations Act, however, as construed by the latest decisions of the Supreme Court of the United States, above cited, would be applicable if the jurisdictional facts were developed. If alleged and proved they would deprive the trial court of jurisdiction to proceed by way of injunction. On the present state of the record it seems desirable to permit the defendants to amend their answer to allege and prove, if they are able to do so, that the plaintiff is engaged in interstate commerce.

As to the award of damages there is substantial evidence in support of the judgment in the amount specified.

The judgment is reversed insofar as it awards injunctive

relief, and affirmed insofar as it awards damages to the plaintiffs, with costs to neither party.

Schauer, J., Spence, J., and McComb, J., concurred.

TRAYNOR, J.—I dissent.

Because of the danger of conflict in the application of the Jurisdictional Strike Act with the National Labor Relations Board's application of the federal statute, and for the reasons set forth in my dissent in *Garmon* v. *San Diego Bldg. Trades Council, ante,* p. 595 [320 P.2d 473], I would reverse the entire judgment.

Gibson, C. J., and Carter, J., concurred.

Appellants' petition for a rehearing was denied February 13, 1958. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.