Bell, J.
Despite the temptation to do so, it is not necessary to discuss several questions incidentally presented by this record, such as whether under the constitutions of the defendant unions (exhibits 1 and 2) the purpose of the picketing was to get a closed shop, and whether the so-called “no-man’s land” recognized by the Supreme Court of the United States in Guss v. Utah Labor Relations Board, 353 U. S., 1, 1 L. Ed. (2d), 601, 77 S. Ct., 598; Amalgamated Meat Cutters & Butchers Workmen of North America, Local No. 427, v. Fairlawn Meats, Inc., 353 U. S., 20, 1 L. Ed. (2d), 613, 77 S. Ct., 604; San Diego Building Trades Council v. Garmon, 353 U. S., 26,1 L. Ed. (2d), 618, 77 S. Ct., 607, requires the judiciary of Ohio to abdicate its responsibility to secure to each citizen the constitutionally guaranteed right to a “remedy by due course of law” for injury done him.
The sole question presented by this appeal is whether the Court of Appeals had jurisdiction over the subject matter of the controversy.
It must be recognized that Section 10 (a) of the National Labor Relations Act operates to exclude jurisdiction of a state court if interstate commerce is involved or affected. It necessarily follows that, where interstate commerce is not affected, or where it has not been proved that interstate commerce has been affected, the Congress of the United States has no authority to control transactions occuring within a particular state.
The question presented here is whether the allegation of plaintiff in the charge it filed with the Regional Director of the National Labor Relations Board is conclusive of the issue as to interstate commerce. The majority of the Court of Appeals found that it was.
There should be no question that a distinct statement of fact which is material and competent and which is contained in a pleading constitutes a judicial admission. Peckham Iron Co. v. Harper, 41 Ohio St., 100. But it would appear equally sound *11 that such a statement, to be operative as an admission, must be one of “fact” and not merely a statement of a legal conclusion. 31 Corpus Juris Secundum, 1072, Section 301.
In the opinion in Jones v. Youngstown Municipal Ry. Co., 133 Ohio St., 118, 126, 12 N. E. (2d), 279, Judge Myers said that “an allegation of a conclusion of law is not binding either on the pleader or court.” See, also, Continental Supply Co. v. Fisher Oil Co., 150 La., 890, 91 So., 287; 71 Corpus Juris Secundum, 153, Section 59.
In concluding that the allegation of plaintiff is not operative against him by way of estoppel, we approve the following statement of Judge Long, in his dissenting opinion:
“As far as its probative value is concerned, any presumption the allegation might raise is more than rebutted by the Begional Board’s statement that: ** * * the company’s operations do not meet the board’s current standards for the assertion of jurisdiction.’ ”
The Court of Appeals, in a trial de novo, has general jurisdiction to issue an injunction. If that court is to be ousted of such jurisdiction by the fact that the operations of the plaintiff affect interstate commerce, it is the responsibility of the party seeking such ouster to prove such fact. Until there is such proof, it is our belief that Section 10 (a) of the National Labor Eelations Act has no bearing upon the jurisdiction of an Ohio court in a situation such as the present one.
Since the Court of Appeals based its decision solely on the fact that plaintiff had alleged that the practices affected interstate commerce, the cause is remanded to the Court of Appeals for further proceedings in accordance herewith.

Judgment reversed.

Weygandt, C. J., Stewart, Matthias and Herbert, JJ., concur.
Taft, J., concurs in paragraph two of the syllabus and in the judgment.