Desmond, J. (dissenting).
The Appellate Division, reversing a temporary injunction against picketing by defendant union of plaintiff’s meat-packing plant, certified to us a question of law as to whether Special Term had power to grant the injunction. I think, as did the Appellate Division, that the *48 question should be answered in the negative. Recent and clearly pertinent United States Supreme Court decisions hereafter discussed hold that the picketing which the Special Term order here sought to enjoin was one of the unfair labor practices which Congress has pre-empted for regulation under the Taft-Hartley Act (U. S. Code, tit. 29, § 141 et seq.).
Before and during this picketing, a so-called “ independent ” union (not defendant) has been, by certification of the National Labor Relations Board, declared to be the exclusive bargaining agent of plaintiff’s employees. Nevertheless, defendant picketed the plant. The Appellate Division correctly found that plaintiff is engaged in interstate commerce and that this was ‘ ‘ recognitional” picketing by a “ stranger ” union for the purpose of compelling plaintiff employer to commit an act unlawful under Taft-Hartley, that is, to deal or bargain with defendant despite the existing certification of a different union. Such an application of economic pressure by a union against an employer for such a purpose is condemned as an unfair labor practice'by Taft-Hartley (Garner v. Teamsters Union, 346 U. S. 485; Retail Clerks Int. Assn. v. Newberry Co., 352 U. S. 987; Meat Cutters v. Fairlawn Meats, 353 U. S. 20; San Diego Unions v. Garmon, 353 U. S. 26). Those cases, although involving various factual situations, all hold that State courts and State boards are forbidden to intrude into the eongressionally preempted field (see Federal Pre-emption—A Comment, 33 N. Y. U. L. Rev. 691; Stranger Picketing and the Injunction in New York, N. Y. L. J., June 11, 1958, p. 4). Garner and Retail Clerks Int. Assn., at least, say definitely that conduct of the kind charged against this defendant union was an unfair labor practice within the prohibitions of the Federal Act. It is true that in the present case, as distinguished from Garner and Retail Clerks Int. Assn., there had been a certification of a rival union by the National Labor Relations Board. But the fact of such prior certification makes it all the clearer that the controversy was for the National Board and not for the State courts to determine. Plaintiff would have us hold that the Taft-Hartley Act does not cover this situation since there is no actual strike (see § 8, subd. [b], of the Federal statute, U. S. Code, tit. 29, § 158). But the ready answer to that is that there was no strike in any of the recent United States *49 ¡Supreme Court eases above eit.ed and yet in each of them it was held that the Federal Board alone had power to deal with an attempt by an uncertified union to compel the employer to deal with it.
It is suggested that an affirmance here would be inconsistent with Goodwins, Inc., v. Hagedorn (303 N. Y. 300). Whether or not that be so, we are controlled here by the later Garner, Meat Cutters and Retail Clerks Int. Assn, cases (supra).
The order appealed from should be affirmed, with costs, and the certified question answered in the negative.