Fuld, J. (dissenting).
I, too, believe that the court at. Special Term lacked the jurisdiction to issue an injunction. The defendant union, despite the fact that another union had been certified as the exclusive bargaining agent of plaintiff’s employees, picketed the plaintiff’s premises in order to force it to bargain with defendant as the representative of its employees. Such conduct constitutes an unfair labor practice under section 8(b)(4)(C) of the Labor Management Relations Act of 1947 (U. S. Code, tit. 29, § 141 et seq.).
It is not necessary that the union be engaged in “ a strike ’ ’; it is enough, to quote the statute, that it ‘ ‘ induce or encourage the employees * * * to engage in a strike or a concerted refusal in the course of their employment ”. (See Electrical Workers v. Labor Bd., 341 U. S. 694, 701-702; National Labor Relations Bd. v. Associated Musicians, 226 F. 2d 900, 904, cert. denied 351 U. S. 962.) In the Associated Musicians case, the Court of Appeals for the Second Circuit, addressing itself to this very point under another clause of section 8, identically worded, wrote (226 F. 2d, at p. 904):
‘ ‘ Respondents argue that, since no employees * * * engaged in a strike, there has been no violation of § 8(b)(4)(A) of the Act. They contend that the words ‘ induce or encourage ’ * * * refer only to a successful inducement and encouragement; where no actual strike or concerted refusal to work ensues, no violation can be found. This view, however, is supported neither by common understanding of the meaning of these words nor by authority. [Cases cited.] ”
*50 As the Supreme Court has observed, picketing, even though peaceful, is a form of inducement and encouragement (Electrical Workers v. Labor Bd., 341 U. S. 694, 701-702, supra): “To exempt peaceful picketing from the condemnation of § 8 (b) (4) (A) as a means of bringing about a secondary boycott is contrary to the language and purpose of that section. The words ‘ induce or encourage ’ are broad enough to include in them every form of influence and persuasion. ’ ’
Nor is there any doubt of the existence of the other conditions which must be shown to establish an unfair labor practice under the Labor Relations Act. Indisputably, “ another labor union [was]o certified as a representative ” of the employees by the National Labor Relations Board (Labor Management Relations Act of 1957, § 8[b] [4] [C]). And, just as clearly, the object of the union’s conduct was to force or require the employer ‘ ‘ to recognize or bargain with a particular labor organization as the representative of his employees ” (ibid.). The court at Special Term expressly found that the picketing carried on by defendant union was ‘ ‘ recognitional, ’ ’ not “ organizational,” and the Appellate Division affirmed this finding. It follows, therefore, that the defendant’s conduct is covered by the federal statute.
On the other hand, if the picketing were to be regarded as having been for organizational rather than recognitional purposes, the state courts would, nevertheless, still be barred from granting injunctive relief. In such a case, the conduct sought to be enjoined would be protected by the federal act and, under the pre-emption doctrine, not subject to interference by any state court or board. (See Garner v. Teamsters Union, 346 U. S. 485; Weber v. Anheuser-Busch, Inc., 348 U. S. 468; Retail Clerks Int. Assn. v. Newberry Co., 352 U. S. 987; National Labor Relations Board v. Local 50, 245 F. 2d 542.)
In short—whether the picketing is considered recognitional or organizational, whether the activities of defendant union are condemned by the federal statute as an unfair labor practice or by it protected as permissible conduct — our courts may not exercise jurisdiction. “ It is not necessary or appropriate for us ”, the Supreme Court declared in the Garner case (346 U. S. 485, 489), “to surmise how the National Labor Relations Board might have decided this controversy had petitioners *51 presented it to that body. The power and duty of primary decision lies with the Board, not with us.” (Cf. Meat Cutters v. Fairlawn Meats, 353 U. S. 20, 23-24; San Diego Unions v. Garmon, 353 U. S. 26; Youngdahl v. Rainfair, Inc., 355 U. S. 131).
The order of the Appellate Division should be affirmed and the certified question answered in the negative.
Judges Froessel, Van Voorhis and Burke concur with Chief Judge Conway; Judges Desmond and Fuld dissent in separate opinions, each concurring in the other’s, and Judge Dye concurring in both.
Order of Appellate Division reversed and that of Special Term, dated April 30, 1957, reinstated, with costs in this court and in the Appellate Division. Question certified answer in the affirmative.