In the Matter of SARATOGA HARNESS RACING ASSOCIATION, INC., Appellant, against NEW YORK STATE LABOR RELATIONS BOARD, Respondent.

Third Department, July 31, 1958.

*John R. Davison, Ernest B. Morris* and *Robert H. Jones, III,* for appellant.

*Murray I. Laska, Philip Feldblum* and *Jean Nieporent* for respondent.

*Carroll, Amyot & Doling* for Sports Arena Employees and Common Laborers Union of America, *amicus curiæ.*

*Per Curiam.* An employer appeals from an order of the Special Term enforcing an order of the New York State Labor Relations Board. After the appeal had been argued, appellant applied for an order reversing the Special Term order and vacating the board order on the ground that the National Labor Relations Board had sole jurisdiction of the matters in controversy, by reason of the employer's involvement in interstate commerce within the meaning of the National Labor Relations Act. (United States Code, tit. 29, § 151 *et seq.*)

The board decision and order sustain charges against the appellant employer of unfair labor practices which would indisputably constitute violations of both the New York State Labor Relations Act (Labor Law, art. 20) and the National Labor Relations Act (United States Code, tit. 29, § 151 *et seq.*). Subsequent to the hearing and determination by the board and subsequent, also, to the Special Term's decision, though not to its enforcement order entered thereon, it was held in *Guss* v. *Utah Labor Relations Bd.* (353 U. S. 1, 9) that the proviso to subdivision (a) of section 10 of the act (United States Code, tit. 29, § 160, subd. [a]), empowering the National Labor Relations Board to cede its jurisdiction over any unfair labor practice affecting commerce to a State agency (with certain exceptions not material here) "is the exclusive means whereby States may be enabled to act concerning the matters which Congress has entrusted to the National Labor Relations Board." (See, also, *Meat Cutters* v. *Fairlawn Meats,* 353 U. S. 20; *San Diego Unions* v. *Garmon,* 353 U. S. 26.)

The application before us is predicated on that decision, on the absence of any cession of jurisdiction and on evidentiary data tending to show that appellant's business affects interstate commerce within the meaning of the national act. We consider that the factual determination is for the board but we deem the application within the purview of subdivision 2 of section 707 of the Labor Law providing that the court may order additional evidence to be taken before the board upon a showing "that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the board"; subject to the provision that no objection not urged before the board shall be considered by the court "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances".

The circumstances seem to us sufficiently "extraordinary", within the meaning of the statute, to excuse appellant's failure to interpose a jurisdictional objection which, in the state of the decisional law and the State board's practice prior to *Guss,*

would in all likelihood have been futile. It follows, of course, that there were "reasonable grounds" for appellant's failure to adduce evidence as to the effect of its operations upon interstate commerce. That the question resolved in the *Guss* case had, until then, been "left open" was recognized in the first paragraph of the opinion. Further recognition of that fact appears in the statement (p. 10): "Our reading of § 10 (a) forecloses the argument * * * that 'where federal power has been delegated but lies dormant and unexercised,' the States' power to act with respect to matters of local concern is not necessarily superseded."

Under the circumstances, no conclusive effect may be given to appellant's statements in its petition, on a form supplied by the board, as to its operations in interstate commerce. The petition was manifestly cast in a form in which the effect of interstate commerce was not considered as relevant; and this is consistent with the failure generally to raise the question of interstate commerce before the board. The form of the pleading as it relates to this subject is equivocal in any event; and does not state facts which would necessarily require a finding as to a race track, that its labor relations were not "labor relations matters affecting interstate commerce". (*Guss* v. *Utah Labor Relations Bd.,* 353 U. S. 1, 3, *supra.*) The petition in this respect would be analogous to a superseded pleading; and if the failure of petitioner to raise the Federal question is excusable at all, it is excusable both as to the form of petition and the form of presentation of proof before the board.

Insofar as the present record is concerned, we would affirm the order appealed from. Our modification is solely to permit development of the record upon the issue of jurisdiction.

We treat the board order and that of the Special Term as nonfinal insofar as the provisions with respect to back pay are concerned. There would remain, in the event of affirmance, the necessity of computing the amount in each case and, further, that of determining, upon proof to be presented, the question of mitigation of damages in the cases of those employees who did not seek other employment. (Cf. *National Labor Relations Bd.* v. *Southern Silk Mills,* 242 F. 2d 697, cert. denied 355 U. S. 821; *National Labor Relations Bd.* v. *Moss Planing Mill Co.,* 224 F. 2d 702.) We do not consider the board's concession, in its brief, that further evidence may be produced upon this issue as limited to contempt proceedings.

The order should be modified to remit the proceeding to the board to determine the issue of the exclusive Federal jurisdiction; the order of this court to state that the court directs

remission in the exercise of a discretion to excuse the failure of petitioner to raise the Federal question before the board; and to certify that, in respect of the findings of the board in the record as made before it, the court would affirm the order and determination and would not remit the proceeding except to afford petitioner the opportunity to raise the additional question of Federal jurisdiction; without costs.

BERGAN, J. P., GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order modified, without costs, to remit the proceeding to the board to determine the issue of exclusive Federal jurisdiction; the order of this court to state that the court directs remission in the exercise of a discretion to excuse the failure of petitioner to raise the Federal question before the board; and to certify that, in respect of the findings of the board in the record as made before it, the court would affirm the order and determination and would not remit the proceeding except to afford petitioner the opportunity to raise the additional question of Federal jurisdiction.