HORTON, Chief Judge.
On May 29, 1959, the appellee, an electrical contractor, filed a complaint for injunction, damages and other relief against the appellant union, alleging in substance an illegal conspiracy on the part of the appellants, picketing of the appellee’s place of business in various job sites, and engaging in a secondary boycott. It was further alleged that the appellee had signed an agreement with another union and the appellants, by their actions, were seeking to force their union upon the appellee, its employees and the general public. Appellants filed a motion to dismiss on the ground that jurisdiction of the subject matter was vested in the National Labor Relations Board. A hearing on the complaint for temporary in *260 junction was had, at which time the chancellor denied the motion to dismiss and entered a temporary injunction. There was no charge or proof of illegal means or manner of picketing or violence in connection therewith. An answer was filed to the complaint in which appellants contended that jurisdiction was vested in the National Labor Relations Board and that appellee’s activities had an effect on interstate commerce. At a final hearing, the court, on July 30, 1959, made the injunction permanent and denied monetary damages. This appeal is from the final decree granting a permanent injunction.
On appeal, the appellant contends primarily that the circuit court had no jurisdiction of the subject matter of the cause and that jurisdiction is vested exclusively in the National Labor Relations Board. We think this contention has merit.
Although we have not been favored with a brief on behalf of the appellee, nevertheless, upon a perusal of the record on appeal, we note that the chancellor, in granting a temporary injunction, found that the ap-pellee’s business activities affected interstate commerce, but were in an amount less than $50,000, a quantitative standard or policy theretofore set by the National Labor Relations Board as a beginning point in determining its area of jurisdiction. The precise question raised in this case we think has already been answered by this court adverse to appellee. See Amalgamated Clothing Workers, etc. v. Donald S. La Vigne, Inc., Fla.App.1958, 111 So.2d 462, and International Hod Carriers’, etc. v. Heftter Const. Co., Fla.App.1959, 116 So.2d 30. It should be noted, however, in deference to the able chancellor, that the decision of this court in the case of International Hod Carriers’, etc. v. Heftler Const. Co., supra, which treats the question under consideration more directly and in detail, was not rendered until several months after the final decree in the case at bar. It should further be pointed out that the jurisdictional “no man’s land” which has heretofore existed in this type of case by reason of the policy pursued by the National Labor Relations Board (NLRB Release No. R-449, July 15, 1954) has now been obviated by section 701(a) of the Labor Management Act of 1959, further amending section 14 of the National Labor Relations Act, 29 U.S.C.A. § 164, effective September 14, 1959.
 As this court pointed out in International Hod Carriers’, etc. v. Heftler Const. Co., supra, it is not only the quantitative effect of the purchase of goods and merchandise on interstate commerce, but also the alleged labor practices complained of that determines jurisdiction. In the instant case, the appellee in effect alleged what might constitute an unfair labor practice under the National Labor Relations Act and later, by the testimony, it was shown that some $40,000 to $50,000 in purchases, directly or indirectly, came from without the State of Florida. Since there was no charge of en masse picketing, violence or coercion in connection with the alleged union activities, there would, at the time of the adjudication of this cause, have existed no basis for the exercise of state court jurisdiction. See Amalgamated Clothing Workers, etc. v. Donald S. La Vigne, Inc., supra; International Hod Carriers’, etc. v. Heftler Const. Co., supra; National Labor Relations Board v. Denver Building & Construction Trades Council, 1951, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284; Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601; San Diego Building Trades Council v. Garmon, 1957, 353 U.S. 26, 77 S.Ct. 607, 1 L.Ed.2d 618.
Accordingly, the decree appealed is reversed and the cause is remanded with' directions to dismiss the complaint.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.