Fuld, J. (dissenting in part).
I would modify the order appealed from by reversing so much of it as denies arbitration of the Baltimore plant grievance.
The fact that the matter sought to be arbitrated, turning as it does on a bargaining unit description in the contract’s recognition clause, may also involve an unfair labor practice or a question concerning representation which may ultimately give rise to a proceeding before the National Labor Relations Board does not deprive the court of authority to order arbitration and enforce the agreement. The underlying objective of the national labor laws is to promote collective bargaining agreements and to help give substance to such agreements through the arbitration process. (See Textile Workers v. Lincoln Mills, 353 U. S. 448, 457; Steelworkers v. American Mfg. Co., 363 U. S. 564; Steelworkers v. Warrior & Gulf Co., 363 U. S. 574; Steelworkers v. Enterprise Co., 363 U. S. 593; Dowd Box Co. v. Courtney, 368 U. S. 502; Teamsters Local v. Lucas Flour Co., 369 U. S. 95.)
The controlling statute, section 301 of the National Labor-Management Relations Act, envisages parallel private and public proceedings in situations where a breach of an agreement also involves determinations under the act. Section 301 was designed to vindicate private rights under a contract, while section 8, relating to unfair labor practices, and section 9, relating to representation, were designed to vindicate public rights provided under the statute. The circumstance that there might be a claim before the National Board at some date in the future should not operate to deprive the parties of contract rights at the present time. (But cf. Local No. 1505, Int. Bro. Elec. Workers v. Local Lodge No. 1836 of Dist. 38, IAM, 304 F. 2d 365, revg. 201 F. Supp. 334, in which two unions had actually asserted conflicting claims as to representation.) The pre-emption postulates enunciated by the Supreme Court over the past several years (see, e.g., Garner v. Teamsters Union, 346 U. S. 485; San Diego Unions v. Garmon, 353 U. S. 26; Marine Engineers v. Interlake *459 Co., 370 U. S. 173) concerned actions instituted in state courts to remedy torts which constituted, arguably, an unfair labor practice or, arguably, a protected activity under the Federal statute.[1] The prohibitions spelled out in those cases against state court intrusion upon the exclusive jurisdiction of the National Labor Relations Board have no applicability to actions for breach of a collective bargaining agreement.
The collective bargaining agreement governing wages, hours and conditions of employment is the ultimate objective of. the labor relations laws. Arbitration is an integral part of the administration and enforcement of the collective bargaining agreement and Federal and State court sanction an essential aid to such process.
Chief Judge Desmond and Judges Dye, Feoessel, Van Vooehis, Bubke and Fosteb concur in Per Curiam opinion; Judge Ftjld dissents in part and votes to modify in a separate opinion.
Order affirmed.

. In any event, since there was here no claim that the union restrained or coerced the employees or engaged in or encouraged the employees to engage in a strike or resorted to any of the other activities defined in subdivision (b) of section 8 of the National Labor Relations Act, there is no basis for any charge that the union was guilty of unfair labor practice or prohibited conduct under that statute.