**DONALD B. RICE TIRE COMPANY, (a corporation), Appellant,**

v.

**MICHELIN TIRE CORPORATION, Appellee.**

No. 80–1155.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1980.

Decided Jan. 12, 1981.

Timothy J. Waters, Washington, D. C. (Robert H. Morse, Glenn R. Reichardt, Peabody, Rivlin, Lambert & Meyers, Washington, D. C., George W. Shaffer, William

---

N. Rogers, Shaffer & Rogers, Rockville, Md., on brief), for appellant.

Robert P. Knapp, Jr., New York City (Raymond L. Herbert, Bruce N. Morton, William W. Wilbourne, III, Lowe & Knapp, New York City, James J. Bierbower, Edwin S. Rockefeller, W. Richard Haddad, Bierbower & Rockefeller, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the District of Maryland in favor of defendant Michelin Tire Corporation (Michelin) in an action brought by plaintiff Donald B. Rice Tire Company (Rice) for treble damages for alleged violations of § 1 et seq., of the Sherman Act, 15 U.S.C. § 1 et seq., resulting from the termination of Rice's dealer relationship with Michelin. At trial, Rice sought to prove that Michelin chose not to renew its dealer sales agreement with Rice because Rice failed to comply with various restraints that it contended were unlawful. Michelin, on the other hand, sought to demonstrate that its decision to terminate Rice constituted unilateral action not within the scope of § 1, that it did not impose the restraints alleged by Rice, and that, if it did, the restraints were legal.

The district court found the "requisite degree of involvement of other parties" to infer a conspiracy under *United States v. Parke Davis & Co.*, 353 U.S. 29, 80 S.Ct. 503, 4 L.Ed.2d 505 (1960), but concluded that any restraints imposed as a result of a conspiracy between Michelin and some of its dealers must be regarded as vertical ones inasmuch as they were imposed by a manufacturer on its dealers. *Donald B. Rice Tire Co. v. Michelin Tire Corp.*, 483 F.Supp. 750, 754 (D.Md.1980) (relying on *United States v. Arnold, Schwinn & Co.*, 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967). Applying a "rule of reason" analysis with emphasis on a "free rider" rationale, the district court then concluded that any detrimental effect on intrabrand competition resulting from Michelin's imposition of certain vertical nonprice restraints was outweighed by the beneficial effect that those restraints had on interbrand competition. *Id.* at 756–60; *see Continental T. V., Inc. v. GTE Sylvania*, 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977). Therefore, the district court held that Michelin had not acted in violation of 15 U.S.C. § 1. *Donald B. Rice Tire Co. v. Michelin Tire Corp.*, 483 F.Supp. at 761–62.

■ We find the ultimate result reached by the district court to be the correct one. We must reject, however, any implication arising from the district court's discussion of *Schwinn* that a restraint may always be regarded as vertical if it is imposed by the manufacturer. *See id.* at 754. Although the Supreme Court did emphasize in *Schwinn* that the source of the restrictions in that case was the manufacturer, it went on to distinguish the restrictions under consideration from "horizontal restraints, in which the actors are distributors with or without the manufacturer's participation." *United States v. Arnold, Schwinn & Co.*, 388 U.S. at 372, 87 S.Ct. at 1862. Thus we think it is important to distinguish between a conspiracy among dealers and their supplying manufacturer for the purpose of retail price maintenance that would benefit the dealers and one involving the same parties but redounding primarily to the benefit of the manufacturer as a result of increased interbrand competition. A restraint imposed by the former conspiracy would be horizontal in nature and *per se* illegal, while one imposed by the latter would be vertical and analyzed under the rule of reason.

■ The district court, however, refused to proceed with a functional analysis in the case below in the belief that such an analysis "would merely duplicate some of the necessary steps in the rule of reason analysis." *Donald B. Rice Tire Co. v. Michelin Tire Corp.*, 483 F.Supp. at 754. Since we agree that, on the facts of the instant case, the two inquiries so nearly coincide, we accept the district court's rule of reason discussion, which clearly indicates that the

restraints were for the purpose of promoting interbrand competition, as an answer to both questions.

With the foregoing clarification, we affirm the judgment of the district court on the basis of that court's searching and well reasoned opinion. 483 F.Supp. 750 (D.Md. 1980).

AFFIRMED.