**TABLE TALK PIES OF WESTCHESTER et al., Plaintiffs,**

v.

**John STRAUSS, as President, etc., of Bakery and Pastry Drivers and Helpers Local 802, American Federation of Labor, et al., Defendants.**

United States District Court
S. D. New York.
Sept. 16, 1964.

**516**

Close, Griffiths, McCarthy & Gaynor, White Plains, N. Y., Arthur F. Gaynor, White Plains, N. Y., of counsel, for plaintiffs.

Cohen & Weiss, New York City, Bruce H. Simon, New York City, of counsel, for defendants.

McLEAN, District Judge.

On August 7, 1964 plaintiffs began an action in the Supreme Court, Westchester County, New York, by serving upon defendants a summons and complaint which charged defendants with conducting an illegal secondary boycott. The complaint asked an injunction and damages in the total sum of $250,000. On August 6, when the complaint was filed in the state court, a justice of the State Supreme Court signed an order to show cause, returnable on August 10, requiring defendants to show cause why a temporary injunction should not issue. The order to show cause contained a stay of the acts complained of pending the return day of the motion. On August 7 defendants removed the action to this court. Plaintiffs now move to remand it. Defendants move to vacate the temporary restraining order issued by the state court.

I will first consider the motion to remand. This requires an examination of the complaint and the petition for removal.

The essential allegations of the complaint may be summarized as follows:

Plaintiff Table Talk Pies of Westchester ("Table Talk") is a partnership having its principal place of business in Westchester County. It purchases pies and other bakery products which are manufactured in Massachusetts by Table Talk Pastry Company, Inc. Table Talk sells these products to distributors, each of whom has a particular area in Westchester County assigned to him. The other thirteen plaintiffs are such distributors (hereinafter called "distributor plaintiffs"). The complaint alleges that the distributor plaintiffs are independent contractors and are not employees of Table Talk. The distributor plaintiffs sell these products to retailers in their respective territories.

Defendant Bakery and Pastry Drivers and Helpers Local 802 ("Local 802") is a labor union. Defendant New York City Bakery Workers Council is alleged to be affiliated with it. The complaint alleges that defendants have placed pickets at the premises of the retailers who are customers of the distributor plaintiffs, and that these pickets have distributed false and misleading handbills and displayed false and misleading signs. The complaint charges that by means of threats, defendants have "coerced and intimidated" the retailers into refusing to buy plaintiffs' products. It is alleged that defendants' purpose is to compel the distributor plaintiffs to join the union and to compel plaintiff Table Talk to distribute its products only through members of the union and to that end "to compel retail storekeepers to buy pies and bakery products delivered only by members of defendant union." The complaint alleges that "defendants know and intend to conduct an illegal secondary boycott in direct violation of law," and that they have done so, with resulting damage to plaintiff. The complaint contains no specific allegations of interstate commerce beyond the initial allegation that the products are manufactured in Massachusetts, from which it necessarily follows that they are shipped from Massachusetts to plaintiff Table Talk in New York.

Defendants' petition for removal states that "plaintiffs are engaged in an industry affecting interstate commerce within the meaning of the Labor Management Relations Act of 1947 as amended," and that "the activities alleged by plaintiffs

to have been engaged in by your petitioners herein concern an industry and activities affecting interstate commerce within the meaning of the Labor Management Relations Act of 1947, as amended." Plaintiffs do not dispute these allegations on this motion.

█ The question to be determined upon plaintiffs' motion to remand is of course whether or not this court has jurisdiction of this action. 28 U.S.C. §§ 1441, 1447.

█ The district courts have jurisdiction over actions arising under "any Act of Congress regulating commerce." 28 U.S.C. § 1337. The Labor Management Relations Act of 1947 is such an act. 29 U.S.C. § 141.

Section 303 of the Labor Management Relations Act as amended (29 U.S.C. § 187) provides that it shall be unlawful "in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b) (4) of this title," and that anyone injured in his business or property by reason of any such violation may sue in any district court of the United States and "shall recover the damages by him sustained * * *."

29 U.S.C. § 158 (b) (4) [Section 8(b) (4) of the National Labor Relations Act] provides that:

"It shall be an unfair labor practice for a labor organization or its agents * * * (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

"(A) forcing or requiring any employer or self-employed person to join any labor or employer organization * * *

"(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufactur-

er, or to cease doing business with any other person * * *."

█ The alleged conduct of defendants of which plaintiffs complain falls directly within the scope of the statute. Defendants have allegedly "threatened" and "coerced" the retailers with the object of forcing the distributor plaintiffs who are self-employed persons to join a labor organization and also with the object of forcing the retailers to cease doing business with plaintiffs. Although the complaint contains no formal allegations pertaining to interstate commerce, I believe that it sufficiently appears from the complaint that these requirements of the federal statute are also satisfied. Table Talk itself is engaged in interstate commerce, since all its products come to it across state lines. Since it is in interstate commerce, it necessarily follows that it is in an industry "affecting" commerce. NLRB v. Fainblatt, 306 U.S. 601, 59 S.Ct. 668, 83 L.Ed. 1014 (1939); NLRB v. Denver Building & Construction Trades Council et al., 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284 (1951); International Brotherhood of Electrical Workers et al. v. NLRB, 181 F.2d 34 (2d Cir. 1950), affirmed, 341 U.S. 694, 71 S.Ct. 954, 95 L.Ed. 1299 (1951).

The distributor plaintiffs are in the same industry. They distribute in New York bakery products which, shortly before they reached the distributors' hands, have come from Massachusetts. There would seem to be no doubt that they too are engaged in the industry which "affects" commerce and that the defendant unions which allegedly are attempting to bring pressure upon them by these secondary boycott activities are engaged in an "activity affecting commerce." NLRB v. Reliance Fuel Oil Corp., 371 U.S. 224, 83 S.Ct. 312, 9 L.Ed.2d 279 (1963).

█ As to the retailers, the complaint alleges that they have hitherto purchased bakery products from the distributors which have come from outside the state of New York, but that because of defendants' coercion they have been forced to

cease doing so. The Act (29 U.S.C. § 142 (1)) defines the phrase "industry affecting commerce" as:

"* * * any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce."

The complaint is susceptible of the construction that the retailers are in an industry in which defendants' activities obstruct the free flow of commerce. They are therefore in an "industry affecting commerce" within the statutory definition.

■ Moreover, it is not necessary on this motion to rely solely upon the allegations of the complaint. Where federal jurisdiction hinges on the status of the parties, the court may ascertain the existence of that status independently of the complaint. Fay v. American Cystoscope Makers, Inc., 98 F.Supp. 278 (S.D.N.Y. 1951).

Finally, as I have already noted the petition for removal contains allegations as to the existence in this case of an industry and of activities "affecting commerce," allegations which are not controverted by plaintiff on this motion. It has been held that when the allegations of the petition for removal are not challenged, they may be taken as true. Hernandez v. Watson Bros. Transportation Co., 165 F.Supp. 720 (D.Colo.1958).

■ Plaintiffs claim that they do not intend to seek relief by virtue of the federal statute, and that their action is based upon the state law of torts. But their intention is immaterial. If they have asserted a federal claim, this court has jurisdiction of it, whether or not plaintiffs realized it when they drew their complaint.

"The suggestion that plaintiff should be permitted to compel defendant to litigate a federal claim in a state court when Congress has explicitly made available a federal forum is indefensible." Fay v.

American Cystoscope, supra, 98 F. Supp. at 281.

See IA Moore, Federal Practice ¶ 0.160 at 474–5 (2d ed.1961).

■ And it may be noted that under a recent decision of the Supreme Court, the state law of torts is inapplicable in any event. In a secondary boycott situation, at least where no violence is involved, plaintiffs may recover damages only to the extent that they succeed in proving that defendants have engaged in activities which are prohibited by the federal statute. Activities not so prohibited do not give rise to a claim for damages. And this is true regardless of whether the action is in the federal or state court. Local 20, Teamsters, Chauffeurs and Helpers Union v. Morton, 377 U.S. 252, 84 S.Ct. 1253, 12 L.Ed.2d 280 (1964).

■ I am satisfied that the claim for damages which plaintiffs are asserting is a claim for a violation of 29 U.S.C. § 187 and that it is therefore a claim of which this court has jurisdiction. The motion to remand is denied.

■ Defendants' motion to vacate the temporary restraining order issued by the state court raises the question of the propriety of such injunctive relief in this case. I do not think it necessary to decide the question argued at length by the parties as to whether this action involves a "labor dispute" within the meaning of the Norris-LaGuardia Act (29 U.S.C. § 101 et seq.). Wholly apart from that Act, injunctive relief is not permissible here.

■ When the union activity complained of is not of a violent nature and clearly constitutes an unfair labor practice under the National Labor Relations Act as amended, the state courts have no power to enjoin it, because Congress has pre-empted the field, and the National Labor Relations Board has exclusive primary jurisdiction. Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957); Amalgamated Meat Cutters, etc. v. Fairlawn Meats, 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613 (1957); San Diego Building Trades Council v. Garmon, 353 U.S. 26, 77 S.Ct.

607, 1 L.Ed.2d 618 (1957); San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

■ As the Supreme Court said in the second Garmon case, supra:

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield." (359 U.S. at 244, 79 S.Ct. at 779)

■ Moreover, in a non-violent situation, even if it is not clear, but is merely arguable, that the activities are within the federal statute, the National Labor Relations Board still has exclusive primary jurisdiction, and only the Board has power to decide whether the activities are prohibited by the federal act or not. It is only if and when the Board has decided that the activities are not within the scope of the federal act that the state courts may thereafter deal with them. The Supreme Court in the second Garmon case said on this subject:

"When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." (359 U.S. at 245, 79 S.Ct. at 780)

In the present case, it seems clear that the activities of which plaintiffs complain, assuming, of course, for this purpose that the complaint is true, are violations of section 8 of the Act (29 U.S.C. § 158(b) (4) (ii)), and hence that they are within the exclusive jurisdiction of the National Labor Relations Board, as far as any injunctive relief is concerned.* And even if it were only arguable that the activities come within section 8, the same result is reached, under the rule of the second Garmon case. Plaintiffs may complain to the Board under 29 U.S.C. § 160 and request it to apply to this court on their behalf for an injunction. That is all that they can do, as far as injunctive relief is concerned. The state court has no power to award them such relief. Hence the temporary restraining order was improvidently granted. After removal of the action, this court has power to dissolve it. 28 U.S.C. § 1450.

In conclusion, I note that I have not overlooked the case upon which plaintiffs place their main reliance, Arnold Bakers, Inc. v. Strauss, 1 A.D.2d 604, 153 N.Y.S. 2d 999 (2d Dept.), appeal dismissed, 2 N.Y.2d 721, 157 N.Y.S.2d 355, 138 N.E.2d 723 (1956). The court there held, in a factual situation very similar to that presented here, that the union activities complained of did not come within the scope of the National Labor Relations Act as amended, and that therefore the state court could grant an injunction. That case was decided before the 1959 amendment to the Act which added Section 158 (b) (4) (ii), the section that is relevant to this controversy. Hence, even on the question of construction of the federal act, the decision is outdated. Moreover, the case was decided before San Diego Building Trades Council v. Garmon, supra, and is inconsistent with the controlling principles laid down in that decision. It seems clear that Arnold Bakers v. Strauss is no longer good law. Harry S. Goodman Productions, Inc. v. Collyer, 24 Misc.2d 640, 204 N.Y.S.2d 1001 (Sup.Ct.1960).

Defendants' motion to vacate the temporary restraining order is granted.

So ordered.

---

* As I have previously pointed out, an action for damages may be maintained in this instance because the types of conduct alleged here come within 29 U.S.C. § 187 which authorizes an action for damages, but not for an injunction.