S. & H. GROSSINGER, INC., Plaintiff,

v.

HOTEL AND RESTAURANT EM-
PLOYEES AND BARTENDERS IN-
TERNATIONAL UNION AFL–CIO,
LOCAL 343, International Brotherhood
of Teamsters, Chauffeurs, Warehouse-
men and Helpers Union, Local 806, Phil-
ip Kazansky, George Snyder, John Doe
and Mary Roe, said names being ficti-
tious, parties intended being the busi-
ness agents, representatives, organizers,
pickets and employees of the above Un-
ions, individually and in their above
mentioned respective capacities, Defend-
ants.

No. 67 Civ. 2116.

United States District Court
S. D. New York.

June 28, 1967.

Lazarus I. Levine, Liberty, N. Y., and Francis B. Conrad, New York City, Meyer Pesin, Jersey City, N. J., for plaintiff.

Herbert A. Simon, Valley Stream, N. Y., for defendants.

## OPINION

TENNEY, District Judge.

On May 30, 1967, plaintiff commenced an action in the Supreme Court, Sullivan County, New York, by allegedly serving upon the defendants George Snyder and Philip Kazansky a summons and complaint charging all the defendants with illegal picketing of plaintiff's premises and with making false and fraudulent statements to the general public. The complaint seeks an injunction against defendants' acts and damages in the sum of one million dollars. On May 29, 1967, a justice of the State Supreme Court signed an order to show cause, returnable June 9, 1967, requiring defendants to show cause why a temporary injunction should not issue. The order to show cause provided for a stay of the acts complained of pending a hearing and determination of the motion. On May 31, 1967, defendants removed the action to this court.

Defendants have moved herein, by order to show cause, to dismiss the complaint or to quash the return of the summons. When oral argument was heard, the Court, on its own motion, raised the issue of remand to the State court, although no such petition was before it at that time or at the present. The parties have briefed the issue of remand and this will be considered at the outset since a determination that the matter should be remanded to the State court would make the resolution of defendants' motions unnecessary. In re Bear River Drainage Dist., 267 F.2d 849 (10th Cir. 1959).

It is clear that under 28 U.S.C. § 1447(c), where the case has been improperly removed the district court has the power and indeed is required to remand such case *sua sponte* to the State court. Erwin v. Allied Van Lines, Inc., 239 F.Supp. 144 (W.D.Ark.1965); Teeter v. Iowa-Illinois Gas & Elec. Co., 237 F.Supp. 961 (N.D.Iowa 1964); In re Butler's Trust, 201 F.Supp. 316 (D.Minn. 1962); 1 Barron & Holtzoff, Federal Practice & Procedure § 109, at 536 (Wright ed. 1960); 1A Moore, Federal Practice ¶ 0.168[4.–1], at 1344 (2d ed. 1965). The issue to be resolved on a motion for remand is whether the district court has jurisdiction of the action. 28 U.S.C. §§ 1441, 1447; Big Apple Supermarkets, Inc. v. Dutto, 237 F.Supp. 774, 776 (E.D.N.Y.1965); Table Talk Pies v. Strauss, 237 F.Supp. 514, 516 (S.D.N.Y. 1964). A determination of the jurisdiction of this court requires an examination of plaintiff's complaint and defendants' petition for removal. Table Talk Pies v. Strauss, supra.

Plaintiff alleges that it is a New York corporation engaged in the resort hotel

business in Sullivan County, New York. Defendants Local 343 and Local 806 are unincorporated associations maintaining offices in Monticello, New York, and Queens, New York, respectively. Defendant Kazansky is business agent and representative of Local 343 and defendant Snyder is secretary-treasurer, business agent and representative of Local 806.

In 1962, Local 343 attempted to organize plaintiff's employees. In December 1963, an election was held under the auspices of the National Labor Relations Board wherein plaintiff's employees rejected the union. Three re-run elections were held resulting in similar rejections of the union. Local 343 has filed objections to the election, which objections have been investigated by the Board.[1]

On May 15, 1967, it is alleged, defendant Snyder, on behalf of Local 806, sent a telegram to plaintiff demanding recognition as bargaining agent of plaintiff's "Gate Control Employees", which demand was rejected by plaintiff. On the following day, both unions formed a picket line across plaintiff's main entrance. Plaintiff alleges that the picket line was unlawful, that it interfered with guests, employees, vendors and delivery personnel, and that those people using the main entrance were threatened and abused. In addition, plaintiff contends that the pickets uttered false statements and carried placards containing false and fraudulent representations. According to plaintiff, the picketing is dangerous and presents "a grave potential hazard" since the entrance is contiguous to heavily traveled highways. (Complt. ¶ 9.) Finally, plaintiff alleges that the activities carried on by Local 806 are in violation of the Labor Management Relations Act. No specific allegation of interstate commerce is contained in the complaint.

Defendants' petition for removal states that plaintiff "purchases substantial amounts of items from corporations and companies throughout the several states, the total value of which exceeds several million dollars annually, and move within the realm of interstate commerce." This allegation is not disputed herein and where "the allegations of the petition for removal are not challenged, they may be taken as true." Table Talk Pies v. Strauss, supra 237 F.Supp. at 518; Hernandez v. Watson Bros. Transp. Co., 165 F.Supp. 720 (D.Colo.1958).

■ 28 U.S.C. § 1337 gives the district courts original jurisdiction of actions "arising under 'any Act of Congress regulating commerce.'" Francis H. Leggett & Co. v. O'Rourke, 237 F.Supp. 561, 562 (S.D.N.Y.1964); Table Talk Pies v. Strauss, supra 237 F.Supp. at 517. The Labor Management Relations Act is such an act. 29 U.S.C. § 141 et seq.

Section 303 of the Labor Management Relations Act, as amended, 29 U.S.C. § 187, provides that "[i]t shall be unlawful * * * in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b) (4) of this title," and that anyone injured in his business or property by reason of such violation may sue for damages sustained in any district court of the United States.

29 U.S.C. § 158(b) (4) provides in pertinent part that it shall be an unfair labor practice on the part of a union

> (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—
>
> \* \* \* \* \* \*
>
> (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person \* \* \*.

■■ If the conduct the State court seeks to control may arguably be considered an unfair labor practice and there is no overriding State interest such as the

---

[1] That the unions' attempts to organize the Grossinger employees have been hotly contested is amply evidenced by this circuit's opinion in NLRB v. S & H Grossinger's Inc., 372 F.2d 26 (2 Cir. 1967).

preservation of domestic peace, national policy requires that the jurisdiction of the State be displaced. San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 244–247, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); see Linn v. United Plant Guard Workers, 383 U.S. 53, 59–60, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966); Local 100 of the United Assoc. of Journeymen and Apprentices v. Borden, 373 U.S. 690, 693–694, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963). Thus the question facing this Court on the remand issue is not whether the unions have in fact committed unfair labor practices but whether their activities may *arguably* be considered unfair labor practices. Francis H. Leggett & Co. v. O'Rourke, supra 237 F.Supp. at 562.

■ Turning to the allegations of the complaint, it seems clear that the activities alleged to have been committed by the union are at least arguably within § 8(b) (4) (ii) (B) of the Act. The fifth paragraph alleges that the unions picketed plaintiff's main entrance which is used by vendors and delivery men and turned back delivery trucks containing merchandise and supplies. In addition, plaintiff's prayer for relief seeks to enjoin defendants from

> (c) threatening, abusing, insulting, shouting at, interfering with or deterring the movement of or blocking of any person or persons * * * in * * * trucks or delivery vehicles, in the ingress and egress to and from plaintiff's hotel premises.
>
> * * * * * *
>
> (f) following or trailing * * * any vehicle carrier or person delivering goods, merchandise and articles to and from plaintiff's premises.

Combining these prayers with the allegation contained in the fifth paragraph of the complaint, it is strongly indicated to the Court that plaintiff is actually basing its claim on the commission of an unfair labor practice. Compare Francis H. Leggett & Co. v. O'Rourke, supra 237 F. Supp. at 563.[2]

■ Plaintiff's intent to seek relief based on State law is immaterial, for if a Federal claim has been asserted this Court will have jurisdiction regardless of an intention to base an action upon the State law of torts. Ibid.; Table Talk Pies v. Strauss, supra 237 F.Supp. at 518; Fay v. American Cystoscope Makers, Inc., 98 F.Supp. 278, 281 (S.D.N.Y. 1951).

The Court is of the opinion that plaintiff's claim for damages is one for violation of 29 U.S.C. § 187 and that Federal jurisdiction has been validly asserted. Accordingly, the case will not be remanded to the New York State Supreme Court.

■ Having resolved the remand issue, the Court will now discuss defendants' motions. Defendants first argue that suit against the unions was not commenced in accordance with the New York General Associations Law, McKinney's Consol. Laws, c. 29, § 13, which provides that an unincorporated association is to be sued through its president or treasurer. However, if service is effected in accordance with Rule 4(d) (7) of the Federal Rules of Civil Procedure[3] and Section 301(d) of the Labor Management Relations Act (29 U.S.C. § 185(d)),[4] the provision of the New York statute need not be complied with in a case involving the Federal labor law. See Wil-

---

2. It is probable that such conduct would not have amounted to an unfair labor practice prior to the 1959 amendments to the Act. See NLRB v. International Rice Milling Co., 341 U.S. 665, 71 S.Ct. 961, 95 L.Ed. 1284 (1951). The deletion of the word "concerted" from § 8((b) (4) was intended to close the loophole created by the aforementioned decision. See The McClellan Committee Findings & Recommendations, 1959 U.S.Code Cong. & Ad.News 2375, 2384.

3. Rule 4(d) (7) provides in pertinent part that service shall be made upon an unincorporated association "in the manner prescribed by any statute of the United States".

4. § 301(d) provides that "The service of summons * * * or other legal process * * * upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization."

son & Co. v. United Packinghouse Workers, 83 F.Supp. 162, 167 (S.D.N.Y.1949).

It is clear that service of the summons was validly made upon Local 806 since the defendant Snyder is a representative of said Local and is sued in his representative capacity in accordance with § 301 (d). The only problem, then, is the sufficiency of the service made on the defendant Kazansky as the agent of Local 343. I have examined the affidavits submitted for and in opposition to the motion and it would appear that the defendants' version of the events that occurred is incredible. Accordingly, defendants' motion to quash the return of the summons upon Local 343 and Kazansky is denied. However, if defendants wish to pursue the matter further, a hearing on this issue will be held provided prompt application is made to this Court by defendants.

■ Defendants' second motion is to dismiss on the grounds that the Court lacks subject matter jurisdiction of the action. It has already been determined herein that plaintiff's action for damages for alleged violations of § 8(b) (4) is properly before this Court (29 U.S.C. § 187). However, the fact that plaintiff is authorized to seek damages for a violation of § 8(b) (4) of the Act (29 U.S.C. § 158(b) (4)) does not mean that it is also entitled to injunctive relief or damages for the commission of other unfair labor practices by the defendants. Table Talk Pies v. Strauss, supra.

■ The identical issue was decided in Table Talk Pies v. Strauss, supra, wherein Judge McLean of this court succinctly stated:

"When the union activity complained of is not of a violent nature and clearly constitutes an unfair labor practice under the National Labor Relations Act as amended, the state courts have no power to enjoin it, because Congress has pre-empted the field, and the National Labor Relations Board has exclusive primary jurisdiction. Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957) ; Amalgamated Meat Cutters, etc. v. Fairlawn Meats, 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613 (1957) ; San Diego Building Trades Council v. Garmon, 353 U.S. 26, 77 S.Ct. 607, 1 L.Ed.2d 618 (1957) ; San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)." Id. 237 F.Supp. at 518–519.

■ In a non-violent situation, where it is merely arguable that the activities complained of are protected by § 7 of the National Labor Relations Act or constitute unfair labor practices under § 8, exclusive jurisdiction is vested in the National Labor Relations Board and the State courts may not act until the Board has determined that the alleged harmful activities are not within the Federal statute. San Diego Bldg. Trades Council v. Garmon, supra, 359 U.S. at 244–247, 79 S.Ct. 773 ; Table Talk Pies v. Strauss, supra 237 F.Supp. at 519. By the same token, this Court would be without authority to grant the injunctive relief sought. 29 U.S.C. § 101 ; Francis H. Leggett & Co. v. O'Rourke, supra, 237 F. Supp. at 563, and cases cited therein.[5]

■ Apart from the allegations of the complaint regarding the activity arguably within § 8(b) (4) of the Act, the complaint also alleges the illegality of the picket line, the uttering of false and fraudulent statements by pickets, the misrepresentations contained in their placards and the intimidation of plaintiff's employees. Plaintiff also alleges that the situs of the picketing creates a grave potential hazard because of the convergence of three major roads at the entrance to its property. Plaintiff does not allege that any accidents have occurred or that the

---

5. While plaintiff argues that no labor dispute has been alleged, it is clear that such is not the case in light of the broad definition of a labor dispute in 29 U.S.C. § 152. See Liner v. Jafco, Inc., 375 U.S. 301, 309–310, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964) ; National Maritime Union v. NLRB, 342 F.2d 538 (2d Cir.), cert. denied, 382 U.S. 835, (1965).

proper authorities have been unable to cope with the situation. I am not convinced that this is the type of violence alluded to in the Supreme Court decisions. See, e. g., Youngdahl v. Rainfair, Inc., 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957); United Automobile, A. & A. I. W. etc. v. Wisconsin Employment Relations Bd., 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162 (1956); Allen-Bradley Local 1111 v. Wisconsin Employment Relations Bd., 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154 (1942). See generally, Acme Mkts., Inc. v. Retail Store Employees Union, 231 F.Supp. 566 (D.Md.1964). Nor can I find that the activities complained of are not either protected by § 7 or prohibited by § 8 of the Act.

Under § 10, the National Labor Relations Board has exclusive power to enforce the prohibitions set forth in the Act. Linn v. United Plant Guard Workers, supra, 383 U.S. at 58–59 n. 3, 86 S.Ct. 657, 15 L.Ed.2d 582. Plaintiff "may complain to the Board under [§ 10] 29 U. S.C. § 160 and request it to apply to this court on [its] behalf for an injunction. That is all that [it] can do, as far as injunctive relief is concerned." Table Talk Pies v. Strauss, supra 237 F.Supp. at 519.

Accordingly, the Court is of the opinion that those portions of the complaint seeking injunctive relief should be stricken. This is true with respect to both causes of action for whether it is alleged that defendants have committed certain unfair labor practices or conspired to commit them, the result must be the same; only the Board will have the power to enjoin them and neither a State court nor a Federal court may enjoin or award damages except as has been set forth herein. San Diego Bldg. Trades Council v. Garmon, 359 U.S. at 246–247, 79 S.Ct. 773, 3 L.Ed.2d 775.

Additionally, after the action has been removed to the Federal court, this Court may lift the stay that has been granted by the New York State Supreme Court. 28 U.S.C. § 1450; Table Talk Pies v. Strauss, supra. Since, as has been determined herein, no permanent injunction can be obtained by plaintiff, the temporary stay that has been granted by the New York Supreme Court will be lifted.

Settle order on notice in conformity herewith.