**J. LANDOWNE COMPANY, Inc., and Golden Graphics, Inc., Plaintiffs,**

v.

**PAPER BOX MAKERS AND PAPER SPECIALTIES UNION, LOCAL 299, a/w International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO, International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO, and Local 27, Paper Products and Miscellaneous Drivers, Warehousemen and Helpers, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

**No. 67 C 1106.**

United States District Court
E. D. New York.

Nov. 27, 1967.

**340**

Simpson, Thacher & Bartlett, New York City, for plaintiffs, Evan J. Spelfogel, New York City, of counsel.

Ashe & Rifkin, New York City, for defendant, Paper Box Makers and Paper Specialties Union, Local 299, a/w International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO, George Rifkin, New York City, of counsel.

Benjamin Wyle, New York City, for defendant, International Brotherhood of Pulp, Sulphite and Paper Mill Workers, AFL-CIO.

Leon Reich, New York City, for defendant, Local 27, Paper Products and Miscellaneous Drivers, Warehousemen and Helpers, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

WEINSTEIN, District Judge.

Alleging violence, malicious destruction and mass picketing at the plaintiffs' manufacturing plant in the course of a labor dispute, plaintiffs commenced an action in the Supreme Court of the State of New York, Kings County (Index Number 17344/67), seeking an injunction and damages against defendant unions.

By order to show cause dated November 17, 1967, plaintiffs sought a restraining order during the pendency of the action to prevent violence and other unlawful activities. This motion, returnable November 20, 1967, was adjourned to November 22, 1967.

By petition filed November 21, 1967, the action was removed to this Court. Jurisdiction is predicated upon Section 303 of the Labor-Management Relations Act of 1947. 29 U.S.C. § 187. Urging lack of jurisdiction, plaintiffs have moved to remand. 28 U.S.C. § 1447(c).

Section 303 grants the federal courts jurisdiction in cases involving "any activity or conduct defined as an unfair labor practice" in section 8(b)(4) of the Act. 29 U.S.C. § 158(b)(4). In essence, section 8(b)(4) proscribes coercion of those dealing with an employer involved in a dispute with a union—i. e., a secondary boycott.

The complaint cannot reasonably be construed to allege a violation of the secondary boycott provisions of the Labor-Management Relations Act. Consequently, this Court does not have jurisdiction and the motion to remand must be granted. See Big Apple Supermarkets, Inc. v. Dutto, 237 F.Supp. 774 (E.D.N.Y.1965).

The plaintiff has the prerogative of determining the theory of his action. So long as fraud is not involved, he may defeat removal by avoiding allegations providing a basis for the assertion of federal jurisdiction. See Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1945); Great Northern Ry. Co. v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918); The Fair v. Koehler Die & Specialty Co., 228 U.S. 22, 26, 33 S.Ct. 410, 57 L.Ed. 716 (1912); Sylgab Steel & Wire Corp. v. Strickland Transportation Company, Inc., 270 F.Supp. 264, 267 (E.D.N.Y.1967).

The complaint in the present action has been drafted with great care to assert activities only at the site of plaintiffs' plant and to avoid any allegations with respect to secondary activities. The fact that the complaint alleges that employees of neutrals are affected by the picketing at the primary site does not, in and of itself, permit the inference of unlawful secondary activity. See United States Steel Workers of America v. N.L.R.B., 376 U.S. 492, 84 S.Ct. 899, 11 L.Ed. 2d 863 (1964). Union acts against an employer in a primary dispute are "not transformed into activities with an unlawful secondary objective however severe the impact on neutral employers." Kaynard v. Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 275 F.Supp. 19, 26 (E.D.N.Y.1967). See National Woodwork Mfgs. Ass'n v. N.L.R.B., 386 U.S. 612, 627, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967). As the the United States Supreme Court noted:

> "Picketing has traditionally been a major weapon to implement the goals of a strike and has characteristically been aimed àt all those approaching the situs whose mission is selling, delivering or otherwise contributing to the operations which the strike is endeavoring to halt." United Steelworkers of America v. N.L.R.B., 376 U.S. 492, 499, 84 S.Ct. 899, 904, 11 L.Ed.2d 863 (1964).

In construing this complaint we must be mindful of the fact that state power to prevent violence has not been substantially impaired by national labor policy. See, e. g., United Mine Workers of America v. Gibbs, 383 U.S. 715, 729, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); San Diego Building Trades Council, etc. v. Garmon, 359 U.S. 236, 248, n. 6, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Table Talk Pies of Westchester v. Strauss, 237 F.Supp. 514, 518–519 (S. D.N.Y.1964); S & H Grossinger, Inc. v. Hotel Employees Local 343, 272 F.Supp. 25 (S.D.N.Y.1967). The "central interests served" by the doctrine of federal preemption "are not endangered by a state injunction * * * in an instance such as this." Hanna Min. Co. v. District 2, Marine Eng. Ben. Ass'n, 382 U.S. 181, 192, 86 S.Ct. 327, 333, 15 L.Ed. 2d 254 (1965).

This Court will not assume that New York courts will exceed their limited jurisdiction in granting relief in labor matters. If they do, appeal lies ultimately to the Supreme Court of the United States. A remand in this instance does not, therefore, endanger uniformity of labor policy; it does permit vindication of the important state policy of preventing violent conduct in public places. The jurisdiction of the National Labor Relations Board is in no way impaired since it may continue to process any complaint by the employer and it is empowered to seek appropriate injunctive relief against illegal secondary activities. 29 U.S.C. § 160($l$).

The motion to remand is granted. Submit order.