**MOUNTAIN NAVIGATION CO., INC., a
Liberian corporation, et al., Plaintiffs,**

v.

**SEAFARERS' INTERNATIONAL UN-
ION OF NORTH AMERICA et al.,
Defendants.**

Nos. 71–C–437, 71–C–438.

United States District Court,
W. D. Wisconsin.

Dec. 1, 1971.

David S. Farwell, Superior, Wis., Thomas F. Andrew, Duluth, Minn., for plaintiffs.

Leonard S. Zubrensky, Milwaukee, Wis., for defendants.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

On November 12, 1971, plaintiffs began these actions in the State of Wisconsin Circuit Court, Douglas County, by serving upon defendants summonses and complaints which charged defendants with illegally interfering with plaintiffs' business operations. The complaint sought injunctive relief. On November 13, 1971, the Douglas County Circuit Court entered an order to show cause (entitled "temporary restraining order and order to show cause"), returnable on November 18, requiring defendants to show cause why a temporary injunction should not issue. The show cause order contained a stay of the acts complained of pending the return day of the motion. On November 16, defendants, by petition filed in this court, pursuant to 28 U.S.C. § 1441, removed the proceedings to this court. Plaintiffs now move to remand, pursuant to 28 U.S.C. § 1447(c). Defendants move to

vacate the temporary restraining order issued by the state court.

The essential allegations of the complaints may be summarized as follows:

Plaintiffs are Liberian corporations owning and operating fleets of bulk cargo ships of foreign registry manned by alien crews. Their ships are engaged in international trade and, specifically, carry grain between Superior, Wisconsin and other world ports. On November 9, 1971, the "S.S. Granada", a ship owned by plaintiff Mountain Navigation Co., Inc., was scheduled to load a cargo of grain at the Continental Grain Company elevators in Superior; and on November 16, the "M/V Freja", owned by plaintiff Granada Shipping Co., Ltd. was scheduled to take on a cargo of grain at Superior.

Defendants are six American trade unions which organize "deep sea maritime" workers. The complaint of plaintiff Mountain alleges that on the morning of November 9, 1971, defendants placed pickets on or near the premises of Continental and that the pickets distributed various leaflets and handbills. It is alleged that as a result of defendants' picketing, the longshoremen scheduled to load the Granada were induced to refuse to perform any services for her; and that Continental was forced to order plaintiff's ship away from its dock and to cease to do business with plaintiff; that Ceres, Inc., a stevedore, and its employees were induced to refuse to provide any service for plaintiff's vessels. The complaint asserts that by thus "interfer[ing] with the person or persons of people and companies attempting to transact business with the plaintiff," defendants are unlawfully interfering with plaintiff's business.

The complaint of plaintiff Granada recites the allegations made by Mountain, and further alleges that its ship, due to dock at Superior on November 12, is threatened by the same action to which Mountain's ship was subjected.

The defendants' petition for removal cites the state court proceedings and alleges that the proceedings are properly removable to the district court for three reasons. The petition contends that this court has original jurisdiction of these proceedings because (1) the action involves a matter between citizens of a state and of a foreign state wherein the amount in controversy exceeds the sum of $10,000; (2) that the action involves a claim or right arising under a treaty of the United States of America (54 Stat., p. 1739); and (3) that the action involves a claim of right arising under the laws of the United States of America and, in particular, under Section 303 of the Labor-Management Reporting and Disclosure Act.

■■ At oral argument, counsel for the defendants conceded that no basis for removal can be found in diversity jurisdiction. I conclude, without discussion, that none can be found under treaty jurisdiction. Thus, the sole question to be determined upon plaintiffs' motion to remand is whether this court has original jurisdiction, under Section 303 of the Labor-Management Reporting and Disclosure Act, of the subject matter of this action. 28 U.S.C. §§ 1441, 1447. The facts setting out the basis for the court's jurisdiction can be drawn only from the allegations of the complaint and can not be found in defendant's petition for removal. Moreover, if any doubts arise as to the removability of this action, such doubts must be resolved in favor of remand. Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1940); Armstrong v. Alliance Trust Company, 126 F.2d 164 (5th Cir. 1942).

■ The federal district courts have jurisdiction over actions arising under "any act of Congress regulating commerce." 28 U.S.C. § 1337. The Labor Management Relations Act of 1947 is such an act. 29 U.S.C. § 141 et seq. Section 303 of the Labor Management Relations Act as amended (29 U.S.C. § 187) provides that it shall be unlawful "in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4)

of this title." 29 U.S.C. § 158(b)(4) [Section 8(b)(4) of the National Labor Relations Act] provides that:

"It shall be an unfair labor practice for a labor organization or its agents (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce . . to engage in . . . a refusal in the course of his employment to . . perform any services; or (ii) to threaten, coerce or restrain any person engaged in commerce . . . where in either case an object thereof is—

.    .    .    .    .    .

(B) forcing or requiring any person to . . . cease doing business with any other person. . . ."

Thus, in the case at bar, defendants contend, if it can be said, after a fair but not "liberal" reading of the allegations of plaintiffs' complaints (hereinafter treated as one complaint), that the allegations charge defendants with having violated 29 U.S.C. § 158(b)(4), then this court does have jurisdiction of the complaint and must deny plaintiffs' motion for remand.

In support of their petition to remove, defendants point specifically to four of the allegations contained in the complaint of Mountain. They note that in paragraph 15, plaintiff alleges that longshoremen have refused to load plaintiff's ship; in paragraph 16, that Continental ordered plaintiff away from its docks and ceased doing business with it; in paragraphs 15 and 21, that Ceres, Inc., has refused to perform stevedore services for plaintiff; and in paragraph 27, that all of the above-described actions resulted from defendants' efforts, through picketing, to interfere with the persons attempting to transact business with plaintiff and to induce those persons to cease transacting business with plaintiff.

■ Read fairly, the above-cited paragraphs of plaintiff's complaint serve to charge the defendants ("labor organizations" within the meaning of 29 U.S.C. § 158) with inducing, through the use of pickets and the distribution of printed material, various other laborers and companies ("persons engaged in commerce") to refuse to perform services for the plaintiff; and that an object of the defendants' action was to force those persons to cease doing business with the plaintiff. I am persuaded that a fair reading of the complaint indicates that the facts alleged by plaintiff assert a violation by the defendants of 29 U.S.C. § 158(b)(4)(i) and (b)(4)(ii)(B).

■ The fact that the complaint seeks injunctive relief, and that this court is unable to grant injunctive relief in a Section 303 case, does not compel remand. In Avco Corp. v. Aero Lodge, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Supreme Court affirmed the Sixth Circuit's denial of remand in an action, brought pursuant to Section 301, which stated a cause of action under the statute but which sought injunctive relief rather than damages. The Court, in holding that jurisdiction attached despite the federal courts' inability to grant injunctive relief in such a case, stated that "[t]he nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy.", 390 U.S. at 561, 88 S.Ct. at 1237. Thus, in the case at bar, the determination that a cause of action is stated under 29 U.S.C. § 158 is itself sufficient to bestow original jurisdiction upon this court, within the meaning of 28 U.S.C. §§ 1337 and 1441; the fact that injunctive relief is sought "does not go to the jurisdiction of the court." Avco Corp. v. Aero Lodge, supra, at 561, 88 S.Ct., at 1238.

Plaintiffs contend that, even if the factual allegations of the complaint can fairly be read to assert a violation of a federal statute, their motion for remand should be granted. They argue that the facts alleged in the complaint do not govern the determination of whether or not the complaint states a federal cause of action; rather, they claim, it is the plaintiffs' characterization of the complaint which governs. That is, if the plaintiffs choose to characterize their

action as one to redress a violation of state law, then that characterization precludes federal question jurisdiction on removal.

■ Such a contention is wholly without merit. It is true that the plaintiff has the prerogative of determining the theory of his action and that he may defeat removal by avoiding allegations which provide a basis for federal jurisdiction, J. Landowne Co. v. Paper Box Makers and Paper Specialities Union, Local 299, 278 F.Supp. 339, 340 (E.D.N.Y.1967). But it is equally true that, once plaintiff has asserted facts that form his complaint, he will be held to those facts and his characterization of his complaint will not defeat removal. The mere recitation of a statute will neither confer nor deprive a court of jurisdiction; only the facts pleaded may do this. Iodice v. Calabrese, 291 F.Supp. 592, 594 (S.D.N.Y.1968).

■ In the case at bar, plaintiffs have pleaded facts sufficient to show a controversy arising under section 303 of the Labor Management Relations Act. The complaint also contains allegations of a violation of state law; but those allegations, since accompanied by allegations of a federal violation, do not prevent this court from assuming jurisdiction. Day-Brite Lighting Division v. International Brotherhood of Electrical Workers, 303 F.Supp. 1086, 1093 (N.D. Miss.1969); Iodice v. Calabrese, supra, p. 594; Pollio & Son, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 242 F.Supp. 684 (E.D.N.Y. 1965); Table Talk Pies of Westchester v. Strauss, 237 F.Supp. 514 (S.D.N.Y. 1964).

Plaintiffs also contend that this court is prevented from assuming jurisdiction over this matter by two decisions of the Supreme Court. It is urged that Mc-

Culloch v. Sociedad Nacional de Marineros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963) and Incres S.S. Co. v. International Maritime Workers Union, 372 U.S. 24, 83 S.Ct. 611, 9 L.Ed.2d 557, which hold that the National Labor Relations Act does not apply to foreign ships with alien crews, preclude this court from exercising its jurisdiction in this case.

■ In 1970, however, the Supreme Court significantly restricted its earlier holdings in McCulloch and Incres in the case of International Longshoremen's Association, Local 1416, AFL–CIO v. Ariadne Shipping Co., Ltd., 397 U.S. 195, 90 S.Ct. 872, 25 L.Ed.2d 218. Ariadne confined the McCulloch and Incres holdings to the proposition that the NLRA does not apply to foreign vessels with foreign crews only in those situations where an American union attempts either to organize and represent the foreign crew or to aid the crew in a dispute involving the internal discipline and order of a foreign vessel. In other respects, the NLRA does apply to matters relating to foreign ships with foreign crews. Thus, the situation at bar, which is a secondary boycott situation and is therefore not governed by either McCulloch or Incres, does fall within the jurisdiction of the NLRA and, hence, of this court.

■ Plaintiffs further claim that the court lacks jurisdiction over this matter for the reason that no "labor dispute" exists between defendant and plaintiffs. They argue that the National Labor Relations Act is intended to regulate the conduct of people engaged in "labor disputes", as defined by section 2(9) of the Act; [1] and that the Act confers jurisdiction over only those complaints which present a controversy related to the resolution of such a "dispute", as defined. In support of their position, plaintiffs rely upon N. L. R. B. v. Inter-

---

1. "The term 'labor dispute' includes *any controversy concerning terms, tenure or conditions of employment*, or concerning the association or representation of persons in negotiating, firing, maintaining, changing or seeking to arrange terms or conditions of employment, *regardless of whether the disputants stand in the proximate* relation of employer and employee." 29 U.S.C.A. § 152(9). (emphasis added).

national Longshoremen's Association, 332 F.2d 992 (4th Cir. 1964). The Fourth Circuit, in refusing to enforce an order of the Board, there held that since the union activity complained of (a refusal by the ILA to service any ship which was trading with Cuba) was political activity not intended to alter terms and conditions of employment, no labor dispute existed, and the Board lacked jurisdiction to enter its order.

Plaintiffs' reliance upon the *I.L.A.* case is misplaced for three reasons. The Supreme Court, in the case of Marine Cooks v. Panama S.S. Co., 362 U.S. 365, 370, 80 S.Ct. 779, 4 L.Ed.2d 797 (1960) decided that facts very similar to the ones at bar constituted a "labor dispute" within the meaning of the NLRA.

Moreover, the facts of the case at bar differ significantly from the facts present in *I.L.A.* The controlling factor in *I.L.A.* was the longshoremen's political animus against Cuba; here, it is not alleged that the unions bear Liberia any particular ill will: the stated goal of their picketing was to secure employment for more members of their union. Thus, while the motivation for the boycott in *I.L.A.* was political, the motivation here is economic, in the normal sense of the word, and mandates a determination that a "labor dispute" does exist.

In addition, even if it be assumed that the facts at bar do resemble those in *I.L.A.*, the holding of *I.L.A.* need not be followed. The Courts of Appeal for the District of Columbia, the Second Circuit, and the Eighth Circuit have either flatly disagreed with the *I.L.A.* holding or have distinguished it away. National Maritime Union of America, AFL-CIO v. N. L. R. B., 120 U.S.App.D.C. 299, 346 F.2d 411, 415 (1965); National Maritime Union of America, AFL-CIO v. N. L. R. B., 342 F.2d 538, 542, 543 (2nd Cir. 1965); N. L. R. B. v. Twin City Carpenters District Council, 422 F.2d 309, 312, 313 (8th Cir. 1970).

As a final contention, plaintiffs point to recent proceedings before three other federal district courts where cases assertedly identical to the one at bar were remanded, and argue that those actions should persuade this court to remand. The actions cited arose in the Southern District of Texas, the Southern District of Alabama, and the Southern District of Louisiana and assertedly involved picketing by some or all of the unions which are defendants here against foreign-owned and foreign-crewed ships. In all three cases, the shipping companies obtained state court temporary restraining orders; the defendant unions petitioned the district courts for removal; and, upon motions by the ship owners, the district courts ordered the cases remanded to state court. In none of those cases, however, did the district court accompany its remand order with an opinion. This court is therefore unable to determine the legal basis upon which the orders to remand were issued. In the absence of some reasoned statement of the district courts' rationale, the mere existence of their remand orders can not serve as a persuasive argument for remand of the case at bar.

Accordingly, for the reasons stated above, I am satisfied that the claim asserted by plaintiffs is a claim for a violation of 29 U.S.C. § 187 and that it is therefore a claim of which this court has jurisdiction. The action is properly removed and plaintiffs' motion to remand must be denied.

■ Defendants' motion to vacate the temporary restraining order issued by the state court raises the question of the propriety of state court injunctive relief in this action. I am persuaded that such relief is not permissible here.

When challenged union activity is not violent in nature and either clearly constitutes an unfair labor practice or is arguably subject to Section 7 or Section 8 of the National Labor Relations Act, state courts have no power to enjoin it, since Congress has preempted the field and placed primary jurisdiction in the

National Labor Relations Board. Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 1 L.Ed.2d 601 (1957); Amalgamated Meat Cutters, etc. v. Fairlawn Meats, 353 U.S. 20, 77 S.Ct. 604, 1 L.Ed.2d 613 (1957); San Diego Building Trades Council v. Garmon, 353 U.S. 26, 77 S.Ct. 607, 1 L.Ed.2d 618 (1957); San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).[2] It is only if and when the NLRB has determined that the union activities in question are not within the scope of the NLRA that the state courts may thereafter deal with them.

In the case at bar, the activities of which plaintiffs complain (assuming for this purpose that the complaint is true) are violations of Section 8 of the Act (29 U.S.C. § 158(b)(4)) and hence, as far as injunctive relief is concerned, are within the exclusive jurisdiction of the National Labor Relations Board. Under 29 U.S.C. § 160, plaintiffs may file a complaint with the Board and request it to apply to this court on their behalf for an injunction. But that is all that they may do: the state court has no power to award them injunctive relief. The temporary restraining order issued by the state court was therefore improvidently granted. After removal of the state court action, this court has power to dissolve its restraining order. 28 U.S.C. § 1450. Table Talk Pies of Westchester v. Strauss, supra, at p. 519; Peabody Coal Company v. Barnes, 308 F. Supp. 902, 903 (E.D.Mo.1969).

For the reasons stated above, and upon the basis of the entire record herein, it is hereby ordered that plaintiffs' motion to remand in each of the above-entitled cases is denied, and that defendants' motion in each of the above-entitled cases to dissolve the temporary restraining order heretofore entered is granted.

2. An exception to this anti-injunction rule exists for that narrow area where a plaintiff seeks specific enforcement of a no-strike clause and an arbitration clause contained in an existing collective bargaining agreement. Boys Markets, Inc. v. Retail Clerk's, etc., 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970).